ÆTNA INS. CO. v. RICHEY. (No. 6086.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 13, 1918.)

1. PRINCIPAL AND AGENT ⚭134 — REPRESENTING CONFLICTING INTERESTS.

An agent may not, in same transaction, be at same time the agent of two parties whose interests conflict, and where agent, without knowledge or consent of principal, undertakes services for third party which may conflict with services for original principal, such undertaking will not bind the principal.

2. FRAUDS, STATUTE OF ⚭44(1)—CONTRACT NOT TO BE PERFORMED WITHIN YEAR — AGREEMENT TO RENEW INSURANCE POLICY.

Parol agreement by insurer, made at time of renewing policy for three-year term, to renew policy upon expiration, was unenforceable under Rev. St. 1911, art. 3965.

3. INSURANCE ⚭145(2)—AGREEMENT TO RENEW—AUTHORITY OF AGENT.

Where insurer's agent in renewing policy promised insured that he would attend to insurance of insured's property, such promise did not bind insurer to renew upon expiration, in absence of showing that agent had been authorized to bind insurer by such agreement.

Error from District Court, Dimmit County; J. F. Mullally, Judge.

Action by D. C. Richey against the Ætna Insurance Company. Judgment for plaintiff, and . defendant brings error. Reversed and rendered.

Thompson, Knight, Baker & Harris, and Will C. Thompson, all of Dallas, for plaintiff in error.

Ira O'Meara, of Laredo, and N. A. Rector, of Austin, for defendant in error.

FLY, C. J. This is a suit by appellee to recover of appellant the sum of $2,000, alleged to be due by appellant as insurance on a house and furniture belonging to appellee which was destroyed by fire on March 19, 1916. The cause was submitted to a jury, and upon the verdict a judgment was rendered in favor of appellee for $2,015.52.

The evidence shows that on November 2, 1909, appellee obtained insurance for his house while it was being constructed with the understanding that when the house was completed appellant should issue a policy on it and the furniture for $2,000. That policy was issued through Willis W. Barker, agent for appellant, for three years, and expired on December 4, 1912. The agent did not issue another policy until December 25, 1912. That policy expired on December 25, 1915, and appellee did not ask for the issuance of another policy, and none was issued by appellant. Nearly three months after the expiration of the last policy, the house and furniture were destroyed by fire. Appellee testified that when the last policy was obtained on December 25, 1912:

"I took notice that he had let it lapse, and I cautioned him very particular about letting it lapse, and told him that I was cranky about insurance, and to be more careful and see that it did not run out; that I was depending on him

to keep it in force. I do not remember just exactly what he said in reply to that, but then he agreed to it. He said, 'Yes,' or he would look after it. The substance of what Mr. Barker said in reply was that he would look after it, yes; he agreed to it, or I would not have left it in his hands."

That is all the testimony adduced to sustain the allegation:

"That there was a parol contract of insurance existing at the time his house and furniture burned; that said parol contract existed between the plaintiff and the company's duly authorized agent."

And appellee further alleged:

"That there was always from the date of the first contract of insurance mentioned herein a mutual understanding that the said agent, Willis W. Barker, was to keep plaintiff's property mentioned herein insured and protected against loss by fire, and that plaintiff has always been ready and willing to pay for said protection."

Appellee clearly shows that he had attempted to make the agent of appellant his agent to represent him in keeping up insurance on his house and furniture, and there was evidence tending to show that he was acting as the agent of appellant when he agreed to serve appellee. There is nothing to indicate that it was within the scope of his agency for appellant to attend to the insurance business of policy holders in the company, after the life of a policy had ended. It may not have been agreeable to appellant to reinsure appellee's property, and there is no proof that appellant had any intimation of the agreement made by Barker to serve appellee, and certainly it could not be lawfully held liable for the breach of an unauthorized promise made by its agent.

[1] It is practically the invariable rule that the agent may not, in the same transaction, be at the same time the agent of two parties whose interests may conflict, and if an agent of a party, without his knowledge or consent, undertakes service for another which may conflict with the service of his original principal, such undertaking will not bind the principal. Mechem on Agency, § 1206.

[2] If appellant had made the parol agreement relied on by appellee, it was clearly obnoxious to the provision of the statute of frauds that no action shall be brought "upon any agreement which is not to be performed within the space of one year from the making thereof," unless the promise or agreement or some memorandum thereof is in writing and signed by the party to be charged therewith or by some person lawfully authorized to sign the same. Rev. Stats. art. 3965. The oral contract relied on could not under any circumstances have been performed until the expiration of three years, for it did not call for any act on the part of the agent until after the expiration of the three-year policy issued on December 25, 1912. Light Pub. Co. v. Moore, 46 Tex. Civ. App. 259, 101 S. W. 867.

[3] There was no evidence of a renewal of the policy, or even a promise on the part of the agent to renew it, and, if such promise had been made, it was not shown that the agent was authorized to make it. The allegations and proof, when given the greatest cogency possible, show nothing but a promise to see that the insurance of appellee's property should be attended to, and if there was a breach of that promise it was upon the part of Barker and not of appellant. There was no contract upon the part of appellant to insure in the future, the only agreement sought to be proved being the individual promise of the agent. Westchester Fire Ins. Co. v. Robinson, 192 S. W. 793. The case cited is similar to this; the facts in that case, however, being more favorable to a recovery than in this.

There is no merit whatever in this case, disclosed by pleadings or evidence, and the court erred in not sustaining exceptions to the petition and in not instructing a verdict for appellant.

The judgment of the trial court is reversed, and judgment here rendered that appellee recover nothing by his action and pay all costs of this court as well as of the court below.

Reversed and rendered.