## PADGITT BROS. CO. v. DORSEY.
### (No. 882.)

(Court of Civil Appeals of Texas. El Paso. Nov. 21, 1918.)

1. DEPOSITIONS ☞107(7)—FAILURE TO FILE OBJECTIONS—FORM OF TAKING.

Objection to depositions, because not under oath, could not be made at time of introduction of answers in evidence, where no written objection was filed at least a day before the case was called for trial, under Vernon's Sayles' Ann. Civ. St. 1914, art. 3676, requiring objection to be so filed when directed to the matter of form of taking the deposition.

2. APPEAL AND ERROR ☞683—BILL OF EXCEPTIONS—FAILURE TO SEPARATE INADMISSIBLE EVIDENCE.

An assignment of error that court erred in admitting deposition in evidence over objection that answers were immaterial and irrelevant will be overruled, where bill of exceptions failed to separate the admissible evidence from that which was inadmissible.

3. TRIAL ☞83(2)—RECEPTION OF EVIDENCE—OBJECTIONS—GROUNDS.

An objection that evidence is irrelevant and immaterial is insufficient, it being necessary to state how or why the testimony is irrelevant or immaterial.

4. TRIAL ☞295(5)—INSTRUCTION—CONSTRUCTION AS A WHOLE.

In seller's action for price, where buyer, in cross-action, sued for damages because of inferior quality of goods, an instruction authorizing a recovery for plaintiff upon finding that goods were delivered as alleged and not paid for, "unless you find for defendant on his cross-action," held not to preclude a recovery for seller, when viewed together with charge as a whole.

Appeal from Midland County Court; J. M. De Armond, Judge.

Action by the Padgitt Bros. Company against H. B. Dorsey. Judgment for defendant. Plaintiff appeals. Affirmed.

H. A. Leaverton and Garrard & Baker, all of Midland, for appellant.

Jno. B. Howard and Clay Cooke, both of Pecos, for appellee.

HARPER, C. J. This suit was instituted by Padgitt Bros. Company against H. B. Dorsey upon verified open account of goods, wares, and merchandise sold to defendant from March 1, 1916, to April 18, 1916, in the sum of $404.58.

This is the second appeal in this case; the former opinion reversing it is to be found in 194 S. W. 1124, to which we refer for a more general statement of the issues.

The defendant at the last trial denied under oath that the account was just and true, and further pleaded that the goods enumerated in the verified account had been received by them, but that they were worthless, and therefore plaintiff should not recover.

By cross-action alleged that, because the goods enumerated in the account sued on, together with other goods enumerated and attached as an exhibit theretofore paid for, all of which did not come up to the samples exhibited and upon which the contract of sale was based, as high grade French calfskin, he had suffered damages in the sum of $782.93, and prayed judgment for said last-named sum.

The plaintiff in answer to the cross-action filed general demurrer, general denial, and specially denied that the sale was made by samples, nor had they given any warranty; that defendant had an opportunity to inspect the goods; that Dorsey knew that the goods were not manufactured by plaintiff; that therefore the rule of "caveat emptor" applies; that they were to furnish French calfskin so long as it could be had, and then American calfskin.

Tried by jury, and verdict rendered for $153.25 in favor of Dorsey; and, from the judgment entered for said amount, this appeal.

The first assignment, urging that the answer was subject to general demurrer, is overruled, because we see no reason to recede from our former holding.

The second is that the court erred in admitting, over the objection of plaintiff, the depositions of Raymond Johnson. The bill of exceptions simply shows that the answers were objected to: First, because "they were not under oath; second, were immaterial and irrelevant." As evidence that the answers were not under oath, the appellant cites the jurat of the officer which reads:

"Personally appeared before me E. C. Boyd, notary public in and for Culberson county, who acknowledged that he signed the above paper as his own act and deed."

Article 3676, Vernon's Sayles' Civil Statutes, provides:

"When a deposition shall have been filed in the court at least one entire day before the day on which the case is called for trial, no objection to the form thereof, or to the manner of taking the same, shall be heard, unless such objections are in writing" filed with notice to opposing party, and "shall be made and determined at the first term of the court," etc.

[1] The bill of exceptions does not show that this statute has been observed; so, having concluded that the first objection is directed to the matter of form of taking the deposition, it is untenable as an objection made at the time of introduction of the answers in evidence. If the objection had been made by motion, as provided by statute, appellee might have been able to show that the witness was in fact sworn and have the jurat amended as to form, or to retake the depositions, and this is evidently what the statute intended to provide for.

[2, 3] The second—immaterial and irrelevant—is addressed to all of the witness' answers. Some of them were relevant and

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

material; so, since the bill does not separate the admissible from the inadmissible evidence, the assignment must be overruled. Lester v. Hutson, 167 S. W. 321; Jamison et al. v. Dooley et al., 98 Tex. 206, 82 S. W. 780. Besides, the objection that the evidence is "irrelevant and immaterial" is insufficient even in criminal cases. Whittle v. State, 43 Tex. Cr. R. 468, 66 S. W. 771. The reasons for the objection should distinctly show how or why the testimony is irrelevant or immaterial.

[4] The sixth complains of the following portion of the court's charge:

"If you believe that the goods * * * were sold to ·defendant by the plaintiff at the defendant's own instance and request on or about the dates mentioned in plaintiff's petition, and that defendant has not paid for same, then you will find a verdict for the plaintiff for such an amount as you may find due on said account, unless you find for the defendant on his cross-action as hereinafter charged."

The' proposition is that it precludes a recovery for plaintiff on parts of the account which are not controverted. The whole of this charge must be construed together, bearing in mind all the while the pleadings of the parties.

The court followed the above charge with, in effect, the following:

" * * * If you believe the plaintiff sold to defendant the goods mentioned in the evidence * * * representing that the uppers would be of a first-class condition and suitable for the service for which it was understood they were to be used, and that the defendant relying upon such representations paid for them, * * * and you shall further believe that they were of an inferior grade and worthless, then defendant would ·be entitled to recover on his cross-action such an amount of damages sustained as a direct consequence of such failure. (Here follows a charge upon latent defects, etc. Then the charge is:) If you find that the uppers were of any value, then you will determine their value," etc.

By this charge the jury are only permitted to find for the defendant the loss he incurred by reason of the goods for which he had paid prior to the date of those mentioned in the verified account; so it seems clear that, the judgment being for defendant for $153.25, the jury have given plaintiff credit for all of the amount sued for, $404.57, and more, because the defendant alleged and asked for damages in the sum of $783.73 and testified that he had in fact suffered actual damages in the sum of $1,187. That paragraph of the charge, complained of, when considered in the light of the succeeding one, and the whole of the general charge for that matter, is a peremptory charge for the plaintiff for all of the amount sued for, but to be offset by any damages found in favor of defendant upon his cross-action, and this has been done by the jury striking the balance in favor of defendant.

The third is that—

"The court erred in refusing to peremptorily charge the jury to find for plaintiff for $285.52, this being the amount of items in the account sued on which were bought on open account, were delivered, accepted and used, and were of the reasonable market value of said sum."

The observations next above, apply to this assignment, in that the charge of the court permitted them to find for plaintiff the whole amount sued for.

The fourth assignment is that ʻthe court erred in refusing the following special charge:

"You are charged that he becomes bound to pay the price and cannot complain if the quality of the goods are inferior when he accepts them after he inspects or has had an opportunity to inspect."

And the fifth is that the court erred in refusing the following special charge:

"You are charged that the buyer cannot rescind the contract of sale without returning the goods sold, unless said goods are wholly worthless."

The charge in this case is that the goods were rotten, worthless, inferior, etc., and that the defect could not be detected by an inspection, but could only be discovered by actual wear, etc., and the court's general charge is sufficiently comprehensive to cover the pleadings and evidence of both parties.

Finding no error in the record, the cause must be affirmed. We, however, add that if there has been technical error, which we in no wise concede, the cause has been twice submitted to a jury and the facts found against appellant in both instances, and in view of the fact that the pleadings and evidence would in our opinion justify a much larger verdict, and that there must be an end to litigation, we feel justified in invoking Rule 62a (149 S. W. x) in support of this affirmance.

Affirmed.