### C. W. HAHL CO. v. CUNNINGHAM & HARDY.   (No. 6827.)*

(Court of Civil Appeals of Texas.   San Antonio.   Nov. 28, 1922.   Rehearing Denied Jan. 3, 1923.)

1. **Appeal and error ⟐1002—Verdict on conflicting evidence sustained by evidence binding on appeal.**

In an action for reasonable compensation for expert services in ascertaining an income tax where there was an irreconcilable conflict in testimony of plaintiff and defendant as to the contract, a verdict for plaintiff sustained by testimony cannot be disturbed on appeal.

2. **Evidence ⟐142(5)—Party claiming to be expert income tax accountant permitted to name others whom he had served.**

In action to recover for services rendered in ascertaining an income tax, where plaintiff claimed to be an expert income tax accountant, it was permissible for him to name others whom he had served in ascertaining their respective income taxes.

3. **Contracts ⟐322(2)—Permitting plaintiff to testify as to method used in computing income tax not error.**

In action to recover for services rendered in ascertaining an income tax, plaintiff could testify that it was necessary in ascertaining the correct sum due to investigate the incomes of each individual connected with a land deal from the sale of which income tax was to be computed.

4. **Witnesses ⟐392(1)—Refusing to permit defendant to ask plaintiff if certain allegations were not in petition not error.**

Where the court refused to permit defendant to ask plaintiff if certain allegations were not in his petition, but informed him that he could read the petition and then ask witness whether he had not put in the allegations which were read to him, there was no error.

5. **Trial ⟐83(2)—Objection to evidence only as irrelevant and immaterial properly overruled.**

An objection to evidence as being irrelevant and immaterial is too vague and indefinite to mean anything and was properly overruled.

6. **Appeal and error ⟐1050(2)—Objection to testimony as irrelevant and immaterial unavailing when same facts had been admitted.**

In action for services in ascertaining the amount of an income tax, objection to testimony as to whether defendant made $100,000 out of the trade as being irrelevant and immaterial was unavailing, where substantially the same facts were stated by a witness when testifying in direct examination for defendant.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by Cunningham & Hardy against the C. W. Hahl Company.   From a judgment for plaintiffs, defendant appeals.   Affirmed.

Joseph Ryan and A. L. Matlock, both of San Antonio, for appellant.

Ernest Fellbaum and Arthur V. Wright, both of San Antonio, for appellees.

FLY, C. J.   This is a suit for the sum of $3,500 instituted by appellees against appellant; the allegation being that the sum was due appellees as reasonable compensation for expert services rendered by W. F. Cunningham to appellant in ascertaining for it the amount of income due the United States government under the existing law from the acquisition of a certain ranch property which had been sold by a certain estate to appellant.   There was an allegation that one-half the claim had been sold to O. W. Hardy.   The cause was submitted to a jury upon one issue, the reasonableness of the fee charged for the services and upon their reply, a judgment was rendered in favor of appellees for $3,500.

[1] There was an irreconcilable conflict in the testimony of C. W. Hahl and W. F. Cunningham as to the contract between the parties, and the jury resolved the matter in favor of appellees.   There is testimony which sustains their verdict, and this court cannot disturb it.   The evidence of a number of witnesses, who qualified themselves fully to testify, that Cunningham was a remarkable expert in income tax matters, and that his fee for the work performed by him was not only reasonable, but less than the services were worth, sustained Cunningham's claim.   The evidence created a fact case, peculiarly one for the consideration of the jury, and from the record there is nothing to raise even a surmise that the jury was controlled or influenced by any desire except to arrive at a just and true verdict.   Their action in returning the verdict they did is fully justified by the record.   We overrule the first and second assignments of error.

[2] Cunningham claimed to be an expert income tax accountant, and it was permissible for him to name well-known bankers and merchants he had served in San Antonio in ascertaining their respective income taxes, as well as to show by a card issued by the

*Writ of error dismissed for want of jurisdiction February 21, 1923.

United States Treasury Department that he was a regularly enrolled agent entitled to practice before that department. It was along the line of his calling and tended to show his proficiency in his occupation. The only objection to the oral testimony was that it was irrelevant and immaterial as set out in the bill of exceptions, to which appellant is confined. The objection to the card was that it was issued after the service was performed. The third and fourth assignments of error are overruled.

[3] The evidence indicated that it was necessary for Cunningham in the ascertainment of the correct sum due for income taxes to investigate the incomes of each of the individuals connected with the land from the sale of which the income tax was to be computed, and it was not error to permit him to testify as to these matters. The bill of exceptions, forming the only basis for the fifth assignment of error, shows that the objection to the testimony was:

"I don't think that has anything to do with this case, and I object to it, if the court please; I would like for him to state if this tax was above the surtax and then answer the question."

No such objection is found in the assignment of error, but a complicated and different one. The assignment is overruled.

[4] The court would not permit appellant to ask Cunningham if certain allegations were not in his petition, but informed counsel that he could read the petition and then ask the witness had he not put the allegations in the petition which were read to him, and appellant excepted "because plaintiff's case is depending upon the allegations in his petition." The petition was already before the jury, and the law required the allegations and proof to correspond. The sixth assignment is overruled.

While being cross-examined, Cunningham was permitted to refresh his memory, by reference to a bill of particulars, which he stated he had prepared after the suit had been instituted, and appellant objected to the witness refreshing his memory from the paper because it was prepared subsequent to the time that he was investigating the income for appellant. The witness had sworn to making the investigation shown by the paper, and stated that he had verified it. Whether he testified to anything about the bill of particulars after permission to refresh his memory from it is not shown by the bill of exceptions. It may be presumed that appellant withdrew his question, and that the paper was not used by the witness because appellant makes no showing that any testimony based on the bill of particulars was given by the witness. The seventh assignment of error is overruled.

[5, 6] The only objection urged to testi-mony as to whether Hahl made $100,000 out of the land trade was that it was irrelevant and immaterial, but in this court it is sought to advance the further objection that it was prejudicial to appellant and calculated to influence the verdict of the jury. Appellant will be confined to the objections made in the court below. The objection to evidence as being "irrelevant and immaterial" is too vague and indefinite to mean anything, and appellant shows a realization of that fact by the effort to supplement and explain. City of San Antonio v. Potter, 31 Tex. Civ. App. 263, 71 S. W. 764; Ruth v. Railway, 98 Mo. App. 1, 71 S. W. 1055; Elliott on Ev. § 883; Rice v. Waddill, 168 Mo. 99, 67 S. W. 605. There are probably cases in which testimony is so obviously immaterial and irrelevant that objections on those grounds would be sustained. Even if the objections to the testimony were sufficient, it canot avail appellant, because substantially the same facts were sworn to by Hahl when testifying in his direct examination as a witness for appellant. He stated that he had given $5 an acre for 133,000 acres of land and had sold it for $6 an acre, which showed a profit of $133,000. The eighth assignment is overruled.

The ninth assignment of error is overruled. As in all the assignments of error assailing the admission of testimony in this case, appellant assigns reasons for the rejection of the testimony of Hahl that he paid Henry C. King $10,000 for legal services in connection with the land. The same objections, as in most of the bills of exceptions, were that the testimony was "immaterial and irrelevant." We need not discuss it, for, if the objection had been valid, its effect was destroyed by appellant permitting Henry C. King to testify all about the $10,000 fee. The ninth assignment of error is overruled.

The judgment is affirmed.