**MORGAN v. GORDON. (No. 2202.)**

Court of Civil Appeals of Texas. El Paso. Jan. 17, 1929.

Rehearing Denied Feb. 7, 1929.

906

J. W. Stitt, of Fort Worth, for appellant.
Coates & Mastin and Cecil Cook, all of Fort
Worth, for appellee.

WALTHALL, J. Bessie L. Gordon, a widow, brought this suit against Finis E. Morgan, in his capacity as independent executor of the estate of W. C. Fly, deceased, to recover the sum of $500 and interest, alleged to be the principal amount of a certain promissory note described, of which note she alleges she was the owner at the time of the death of W. C. Fly, and that Morgan had received payment of the said note and interest due there-

on as part of the estate of W. C. Fly, deceased. She alleges demand and refusal to pay.

Morgan answered by general demurrer and general denial and by cross-action asserting an indebtedness in his favor for services rendered plaintiff in the sum of $475. The court instructed a verdict against defendant on the cross-action.

The case was tried to a jury and submitted upon one issue. The jury found that the $500 note in question was the property of the plaintiff, Bessie L. Gordon, at the time of the death of W. C. Fly.

Judgment was entered for plaintiff, and against Morgan in his representative capacity as executor of the estate of W. C. Fly, and Morgan, as such executor, presents this appeal.

Appellant makes no contention that the evidence heard was not sufficient to sustain the finding of the jury on the ownership by appellee of the note. The evidence shows that Morgan, the executor of the estate of W. C. Fly, had collected the note and paid the proceeds to another claimant of the note.

Under articles 3290 and 3437, R. C. S. 1925 (old articles 3206 and 3363), it was not necessary, as insisted, to sue the estate of W. C. Fly in order to enforce the claim against the estate. Claims are enforced and judgments recoverable against the executor of the estate. Our present Constitution (article 5, § 16) and our statutes above referred to vest in the county court the general jurisdiction of a probate court, and clothe said court with the authority to "transact all business appertaining to the estates of deceased persons, including the settlement, partition and distribution of such estates." Faulkner v. Reed (Tex. Com. App.) 241 S. W. 1003; Roberts v. Carlisle (Tex. Civ. App.) 287 S. W. 110; Woods v. Bradford (Tex. Civ. App.) 284 S. W. 673.

The record does not show bills of exceptions taken to the exclusion of the proffered testimony of the witnesses Waggoman, Lyles, and Morgan. Under the statute, the ruling of the court is regarded as approved unless excepted to. The same might be said to the admitted testimony of Dr. Harper, complained of. We might further say that, if objection to Dr. Harper's testimony was made, and on the ground that it was "irrelevant and immaterial and will tend to confuse the minds of the jury," as indicated by the proposition, such general objection is too vague and indefinite to mean anything, and presents no error. Hahl v. Cunningham & Hardy (Tex. Civ. App.) 246 S. W. 108; Padgitt Bros. v. Dorsey (Tex. Civ. App.) 206 S. W. 851. The objection should distinctly point out why the testimony is irrelevant and immaterial to any issue in the case.

The record does not show that a bill of exception was taken to the ruling of the court in excluding the proffered evidence of the witness Morgan on the cross-action. In fact, the

record does not show that any objection was made to the admission or exclusion of any evidence, as required by the statute and rules 55 and 56 prescribed for the trial of cases in the district and county courts. If any such exception, and its approval by the trial judge, is embodied in the statement of facts, such exception is not pointed out.

We are not prepared to controvert the legal effect of the statement of fact contained in appellant's eighth proposition, to the effect that, where the independent executor of the estate had delivered all the property of the estate into the hands of the trustee under the terms of the will, his action in doing so terminated his executorship, and that judgment could not thereafter be lawfully rendered against him as such executor.

■ The suit was against Finis E. Morgan as executor of the estate of W. C. Fly. The record shows that the claim sued upon was presented to him as such executor, and he rejected it as such executor. The appellant does not specifically plead that he is not such executor, but he does specifically plead in his answer "that this defendant admits that he is independent executor of the estate of W. C. Fly, deceased," pleads defensive matters and a cross-action for the estate, and asks judgment thereon. The judgment of the court is against the appellant as such executor. The question as to the executorship of appellant, as shown by the record, not having been put at issue, but admitted, it was not necessary for the appellee to adduce evidence of her right to sue appellant in the capacity of executor.

The record does not present reversible error, and the case is affirmed.

### On Motion for Rehearing.

The motion of Finis E. Morgan, independent executor; and a motion filed by attorney for the estate of W. C. Fly, insist that the county court at law No. 1, Tarrant county, in which this case was tried, was without jurisdiction, and that the county court of Tarrant county was the only court having jurisdiction. We do not concur in that contention. Without a review of the case, we think the opinion of Judge James, speaking for the San Antonio court in Epperson v. Reeves, 35 Tex. Civ. App. 167, 79 S. W. 845, a writ of error refused, very clearly discusses the question of jurisdiction presented, and settles the question against appellant's contention.

■■ The court was not in error in rendering judgment against the estate of W. C. Fly, of which Morgan was independent executor. He took possession of the note, and the proceeds of the note when collected, as representative of the estate and in the capacity stated, and as an asset of the estate, and, if he made an improper disposition of it as such independent executor of the estate, we think he would be liable as executor, and that the estate would be liable. He was sued in such representative capacity and so answered. It might have been better practice, two parties claiming to own the identical note, for him, as stakeholder of the note, to have brought the claimants into court and let them try the issue of ownership out among themselves. But that was not done, and we must try the case here on the theory upon which it was tried and disposed of in the trial court. The executor acted in the matter as executor of the estate, and disposed of the note and its proceeds as such executor.

■ Appellant offered to prove by the witness Waggoman, a legatee under the will, that W. C. Fly, in his transactions with T. A. Lyles, had the witness Waggoman to see about collecting the notes in controversy as the property of Lyles, and not the property of appellee. The evidence was not admissible. It is not shown that the direction given to Waggoman was in the presence of appellee, a self-serving statement of an agent to his principal. Shiner v. Abbey, 77 Tex. 1, 13 S. W. 613; Providence-Washington Ins. Co. v. Owens (Tex. Civ. App.) 207 S. W. 666; Ætna Ins. Co. v. Richey (Tex. Civ. App.) 206 S. W. 383; Slocum v. Putnam (Tex. Civ. App.) 25 S. W. 52.

■ Appellant offered to prove by the witness Finis E. Morgan, in effect, that the note in question was bought with T. A. Lyles' money, and it was never the property of appellee.

The witness was the executor of the estate involved and sued as such, and it does not appear that the witness was called to testify thereto by appellee. The evidence was not admissible under article 3716 (old article 3690) of the statute. Dunn v. Vinyard (Tex. Com. App.) 251 S. W. 1043; Ralls v. Ralls (Tex. Civ. App.) 256 S. W. 688; Walls v. Cruse (Tex. Com. App.) 235 S. W. 199.

We have carefully reviewed other matters referred to in the motions, and have concluded that they present no reversible error, and they are overruled.

The motions are overruled.