PEERLESS OIL & GAS CO. V. PAUL C. TEAS.

No. 7744. Decided January 7, 1942.
Rehearing overruled February 18, 1942.
(158 S. W., 2d Series, 758.)

*Eskridge & Groce* and *Swearingen & Miller,* all of San Antonio, for plaintiff in error.

The term "unlawful act" used in a charge define "malice" was of itself a technical term requiring a definition explaining to the jury the meaning of an unlawful act in the suing out of a writ of garnishment, and the failure of the court to define such term after objection was made thereto, constituted reversible error. Robertson v. Holden, 1 S. W. (2d) 570; Grayce Oil Co. v. Peterson, 128 Texas 550, 98 S. W. (2d) 781; Jasper Lbr. Co. v. Smith, 91 S. W. (2d) 834.

*J. B. Lewright* and *Fagan Dickson,* both of San Antonio, for defendant in error.

MR. JUSTICE CRITZ delivered the opinion of the Court.

On November 18, 1936, Paul C. Teas recovered a judgment in the District Court of Bexar County, Texas, against The Floboots Corporation and Plateau Oil Company for $36,085.00. As a part of this judgment Peerless Oil & Gas Company, hereinafter called Peerless, was awarded a judgment against Teas for the sum of $9,403.40. It appears that the sum of $35,000.00 was on deposit in the National Bank of Commerce in San Antonio. This bank was a party to the suit. Such judgment contained an express provision that "no execution shall issue hereon until Peerless Oil & Gas Company has first applied for and sought payment of the sum awarded to it from National Bank of Commerce, as above provided, and payment thereof has been refused by said bank, * * *."

Floboots Corporation and Plateau Oil Company appealed from the above judgment, and in an attempt to perfect such appeal filed a supersedeas bond in the sum of $72,500.00. This bond was signed by Peerless and its president, Vernon F. Taylor, as sureties. Teas filed a motion in the Court of Civil Appeals, in the appeal just indicated, to quash the above-mentioned supersedeas bond. On hearing in that court the bond was quashed, and appellants allowed ten days in which to file a new bond. Teas v. Swearington et al, 101 S. W. (2d) 334. After the new bond was filed the Court of Civil Appeals affirmed the judgment of the district court. Floboots Corporation et al v. Teas, 110 S. W. (2d) 180. This Court dismissed application for writ of error from the judgment last mentioned.

On December 8, 1936, Peerless, without making any effort to collect its judgment against Teas from National Bank of Commerce, as required by the very judgment itself, caused to be issued out of the district court two writs of garnishment based on such judgment, one against Gulf Oil Corporation and one against Shell Petroleum Corporation. On final hearing in the district court in the above garnishment proceedings the two writs of garnishment were quashed on several grounds, one of which was that not sufficient showing was made to authorize the garnishment first above mentioned. The judgment just mentioned was affirmed by the Court of Civil Appeals. Peerless Oil & Gas Co. v. Gulf Corp., 112 S. W. (2d) 1083.

After the happening of the above events Teas filed this suit in the District Court of Bexar County against Peerless, to recover damages, actual and exemplary, alleged to have been suffered by him as a result of the wrongful and unlawful pro-

curement, issuance, and service of the above-described two writs of garnishment. Teas also sought exemplary damages, alleging malice on the part of Peerless. This is the suit at bar. Trial of this case was had in the district court with the aid of a jury. The case was submitted on special issues. The verdict found actual damages in the sum of $3,700.00 and exemplary damages in the sum of $35,000.00. The district court required Teas to file a remittitur in the sum of $25,000.00 as to the exemplary damages, and entered final judgment for Teas for $3,700.00 actual and $10,000.00 exemplary damages. On appeal by Peerless, this judgment was affirmed by the Court of Civil Appeals at San Antonio. Peerless Oil & Gas Co. v. Teas, 138 S. W. (2d) 637. At this point we pause to say that we here refer to the several opinions of the Court of Civil Appeals already mentioned for more detailed statement of the facts and issues of this case. The case is before this Court on writ of error granted on application of Peerless.

■ By proper assignment Peerless contends that the Court of Civil Appeals erred in holding that the trial court did not err in permitting Teas to introduce, over its objection, certain evidence tending to show that it and its president, Vernon F. Taylor, were each worth in excess of $75,000.00. As already shown, Floboots Corporation and Plateau Oil Company appealed from the judgment against them, above described. Also, as already shown, Peerless and Vernon F. Taylor signed, as sureties, the supersedeas bond for the companies named in such appeal. This bond was introduced in evidence without objection. At the time such bond was filed there was filed therewith an affidavit, sworn to by Vernon F. Taylor. Omitting formal parts, such affidavit reads as follows:

"BEFORE ME, the undersigned authority, on this day personally appeared VERNON F. TAYLOR, who, being by me first duly sworn, under oath deposes and says:

"Peerless Oil & Gas Company and this affiant are the sureties with Plateau Oil Company as principal on a supersedeas bond posted in Cause No. B-83,241, styled 'Paul C. Teas vs the Floboots Corporation, et al.,' in an appeal from the judgment of the 45th Judicial District Court of Bexar County, Texas, to the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas, sitting at San Antonio.

"The net worth of property situated in the State of Texas, subject to execution, owned by and belonging to Peerless Oil

& Gas Company after deducting all indebtedness and obligations owing by it and all exemptions to which it is lawfully entitled, is in excess of Seventy-Five Thousand Dollars ($75,000.00).

"Plateau Oil Company is a subsidiary of Peerless Oil & Gas Company, said companies having the same officers and management, the control of Plateau Oil Company being vested in Peerless Oil & Gas Company through such common management and also by the ownership of Peerless Oil & Gas Company of at least fifty per cent (50%) of the capital stock of Plateau Oil Company. Peerless Oil & Gas Company as such holding company has a direct financial interest in the recovery by its subsidiary, Plateau Oil Company, of the subject matter of said suit.

"The net worth of this affiant, Vernon F. Taylor, who is a resident of San Antonio, Bexar County, Texas, is in excess of the sum of Seventy-five Thousand Dollars ($75,000.00), after deducting all indebtedness and obligations owing by him and all exemptions to which he is lawfully entitled."

When the above affidavit was offered in evidence, Peerless objected to its introduction in its entirety, and particularly did Peerless object to the third and last paragraph thereof. The ground of such objection was that such evidence was "irrelevant and immaterial and prejudicial." Such objection was overruled, and the affidavit read to the jury. No reversible error is here shown. The objection that the evidence was "irrelevant and immaterial and prejudicial" was insufficient under the facts of this record. Stiles v. Giddens, 21 Texas 783; Irving v. Johnson, 56 Texas 492, 120 S. W. 1085; Padgitt Bros. Co. v. Dorsey, 206 S. W. 851; C. W. Hahl Co. v. Cunningham, 246 S. W. 108; Missouri, K. & T. R. Co. v. Johnson, 126 S. W. 672; Capitol Hotel Co. v. Rittenberry, 41 S. W. (2d) 697; Cheatham v. Riddle, 8 Texas 162. These authorities could be multiplied, but they are sufficient to demonstrate the correctness of our ruling.

After the above evidence had been admitted, and while Vornon F. Taylor was being cross-examined as a witness by counsel for Teas, he was caused to testify to facts substantially the same as were disclosed by the above affidavit. Peerless objected to such testimony on the ground that it was "highly prejudicial because it is an effort to show that this company is a rich company and this man a rich man in the eyes of the jury, for the sole purpose of prejudicing them against a rich man and a

rich company." Granting, without deciding, that the above objection was sufficient to call the court's attention to the fact that Peerless was objecting on the ground that the testimony might tend to cause the jury to find damages for Teas, and might further tend to augment the amount of such damages, still no reversible error is shown, because the matter was already in evidence without any sufficient objection thereto.

By Special Issue No. 3 the trial court submitted to the jury the issue of malice on the part of Peerless in procuring the issuance and the service of the two writs of garnishment above mentioned. In connection with such issue the court defined the term "malice," and in connection with such term or phrase "unlawful act" was used. Peerless objected to the definition of "malice" because it failed to define the term "unlawful act." We think that no error is here shown, because it was conclusively shown that the issuance and the service of these two writs of garnishment were unlawful acts. In fact, such acts had already been so adjudicated. Peerless Oil & Gas Co. v. Gulf Oil Corp., 112 S. W. (2d) 1083, supra.

We have carefully read and considered all of the assignments contained in the application for this writ, and, in our opinion, the Court of Civil Appeals has properly disposed of them.

The judgment of the Court of Civil Appeals, which affirms the judgment of the district court, is affirmed.

Opinion delivered January 7, 1942.

Rehearing overruled February 18, 1942.