KIRBY LUMBER CORPORATION et al., Appellants,

v.

Maggie TREADWAY et al., Appellees.

No. 6642.

Court of Civil Appeals of Texas.

Beaumont.

Aug. 13, 1964.

Rehearing Denied Sept. 16, 1964.

**318**

Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, Carey Williams, Houston, for appellants.

Dies, Anderson & Dies, Lufkin, Campbell & Foreman, Livingston, for appellees.

STEPHENSON, Justice.

This is an appeal from an order overruling the defendants' pleas of privilege. The parties will be referred to here as they were in the trial court.

This is an action for damages brought by the survivors of Wilford Richard Treadway under the wrongful death statute. There are two sets of defendants with allegations of different theories of liability against each. The driver of the truck which collided with the truck driven by the deceased, along with his two employers, was sued for the negligent operation of their truck. These defendants will be referred to as "individual defendants". Kirby Lumber Corporation was sued for the negligent maintenance of the private road and adjacent area, at the scene of the collision, and will be referred to as the "corporate defendant". The individual defendants were residents of Liberty County. Kirby Lumber Corporation was a Harris County corporation. The collision occurred in Polk County where this suit was filed. Plaintiffs alleged in the controverting plea, that venue should be maintained in Polk County under Sections 9a, 23, 29a and 27 of Article 1995, Vernon's Ann.Civ.St. Both pleas of privilege were overruled, and appeals were taken from each. No findings of fact nor conclusions of law were requested or given.

■■■ The individual defendants complain of the failure of the trial court to sustain their first special exception to plaintiff's controverting plea. It is urged that the choice of words used in the controverting plea "plaintiffs *say*" that certain things occurred does not amount to a direct statement that the things actually occurred, and that this failure to meet the standard required is a fatal error. The controverting plea made the plaintiff's petition a part of the plea by reference. We hold that pleadings which use the words "plaintiffs say" or "plaintiffs allege" or any similar words which convey the same meaning, satisfy the requirements of the rules that controverting pleas assert clear and definite statements of fact. The authorities cited by these defendants are not in point.

■■■ The individual defendants' second exception was directed to the failure of the controverting plea to allege that these defendants were necessary parties to the cause of action alleged against the corporate defendant within the meaning of subsection 29a of Article 1995, V.A.C.S. If subsection 29a had been the only exception alleged, then this court would have to determine this issue, but the controverting plea also alleges subsection 9a. In the absence of findings of fact and conclusions of law, it is not possible for this court to know whether the trial court refused to sustain this plea of privilege under section 29a, 9a or both. This refusal could be harmful to those individual defendants only if the controverting plea alleged no valid ground. No attack is made that section 9a was not applicable, except as set forth in the first special exception mentioned. The point is overruled.

■ The trial court permitted the plaintiffs to file an unsworn trial amendment during the course of hearing the pleas of privilege, alleging that the two owners of the truck who were individual defendants, permitted the driver of the truck the other individual defendant, to drive a vehicle he was not accustomed to and for which he had no driver's license. Many other acts of negligence had been alleged, and in the absence of findings of fact and conclusions of law it is impossible for this court to know the basis of the trial court's ruling. No attack is made upon the failure to allege other grounds of negligence, and no harm is shown.

■ The individual defendants also complain of the action of the trial court in the admission of certain evidence. There are 342 pages of evidence in the statement of facts of which the portion objected to is only a small part. There is no suggestion that the portion objected to could be the only supporting evidence for the refusal to sustain the plea of privilege. In the absence of findings of fact and conclusions of law it will be presumed the trial court considered only legitimate evidence. The points are overruled.

■ Kirby Lumber Corporation, the corporate defendant, relies primarily upon the failure of plaintiffs to allege and prove a cause of action against it. In a venue hearing the plaintiff has the same burden of proving a cause of action as on a trial on the merits. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91.

■ Plaintiffs alleged in their controverting plea that the "action" should be maintained in Polk County as to this corporate defendant under Sec. 23 and Sec. 27, Art. 1995, V.A.C.S. Plaintiffs were required to plead and prove a cause of action in Polk County under each of these sections of the venue statute. Plaintiffs also alleged venue could be maintained under Sec. 29a, Art. 1995, V.A.C.S., but did not allege that either set of defendants was a necessary party to an action against the other.

Plaintiffs' petition was made a part of the controverting plea by reference. Plaintiffs alleged the fatal accident occurred as the deceased was driving south on Highway 146, and collided with a truck driven by the individual defendant Walker, as the said Walker darted out of a private road owned and maintained by the corporate defendant. It was alleged that the corporate defendant was negligent in maintaining this private road in its uneven, muddy and boggy condition so that it was almost impossible for a loaded truck coming out of the private road to halt before entering the highway, but making it necessary to accelerate the speed to pull up the incline to Highway 146. Plaintiffs also alleged the corporate defendant was negligent in permitting weeds, bushes and undergrowth to grow so high and thick on its land at this intersection so as to obscure the view of the driver of a truck approaching this intersection as the defendant Walker was doing. The evidence showed the highway right-of-way was 120 feet wide, and the main travelled portion was 40 feet wide.

■ In passing upon the sufficiency of the evidence to support the order of the trial court overruling the plea of privilege, we disregard all adverse evidence and give credit to all evidence that is favorable to the successful party, and indulge every reasonable conclusion that is favorable to him. Heldt Bros. Trucks v. McCollum, Tex.Civ.App., 293 S.W.2d 214.

The testimony showed there was an incline from the road of the corporate defendant to Highway 146, and that this road was muddy, wet and boggy at the time of the collision. One of plaintiff's witnesses, an employee of the corporate defendant, testified as follows:

"Q. And, of course, the added feature of having a mud hole there also would have been taken into con-

sideration by a truck driver as he approached that intersection, wanting to get up on the main traveled portion of Highway 146, wouldn't it?

"A. Well, I'd just look at it as myself. If I was entering it, and I was getting along pretty good, to see a place like that, I think I'd stop and put it in lower gear and then get on out on the highway.

"Q. Another way to do it also would be to accelerate your truck and pick up speed, where you would go on up over the incline to the road. Wouldn't that be true?

"A. Well, a man could do that, yes, sir."

This witness also testified that this private road had not been worked for more than two months before the date of the collision, and that there was no stop sign at the intersection. Another witness testified the brush on the land of the corporate defendant was pretty thick and high. A witness driving along behind the truck driven by the deceased testified as to the driver of the second truck as follows:

"Q. Now, you say that the truck dashed out. How fast was this pine log truck going?

"A. Well, he didn't dash out.

"Q. You say he did not dash out?

"A. Not dash, no. I didn't mean it that way. He just drove on out in the road, like he was trying to hit it so he could make it or something.

"Q. Could you estimate his speed?

"A. Oh, no, not—I wouldn't be fair in estimating it, probably between five and ten miles an hour, after he got up on the road.

"Q. After he got up on the road?

"A. Looked like he was hitting it pretty hard to get on the road.

"Q. Then the operator, the Negro had to cover whatever distance it was from the timber line to the center of the highway to get in the path of Mr. Treadway's truck, didn't he?

"A. Yeah; he hit it pretty hard back here (indicating) to make the grade, I guess."

■■■ The driver of the truck of the individual defendants testified he brought the truck to a stop before driving onto Highway 146, and that the second truck was not in sight when he started forward onto Highway 146. He testified the motor died and the collision occurred. There is no evidence in this record to support a finding of proximate cause against the corporate defendant, and therefore no proof of a cause of action against this defendant. The use of the private road did not involve an inherently dangerous instrumentality so as to make the owner of the land liable for the acts of an independent contractor. Wilson v. Crutcher, Tex.Civ.App., 176 S.W. 625. The collision was not one which would have happened in the absence of negligence on the part of the employee of the independent contractor. The corporate defendant could not have foreseen that the employee of the individual defendants would drive out onto the highway without first stopping and looking, in spite of the existence of a muddy road, the incline and the bushes and undergrowth.

The order denying the Plea of Privilege of the individual defendants is affirmed.

The order denying the Plea of Privilege of Kirby Lumber Corporation is reversed and this portion of the case is ordered transferred to Harris County.