**KIMBELL, INC., Appellant,**

v.

**Willie ROBERSON, Appellee.**

**No. 1181.**

Court of Civil Appeals of Texas, Tyler.

Aug. 31, 1978.

Jack W. Flock, Mike Hatchell, Ramey, Flock, Hutchins, Jeffus, McClendon & Crawford, Tyler, for appellant.

Jerry L. Calhoon, McDonald, Calhoon & Kolstad, Palestine, for appellee.

MOORE, Justice.

This is an appeal from an order overruling a plea of privilege. Plaintiff Willie Roberson, a resident of Anderson County, Texas, brought suit to recover for personal injuries sustained when he slipped and fell on a food substance on the floor of Buddies Supermarket in Palestine, Texas. Defendant Kimbell, Inc., the owner of the store, filed a plea of privilege to be sued in Tarrant County, the county of its domicile. In reply, plaintiff filed a controverting affidavit alleging that the suit was lawfully maintainable in Anderson County, Texas, under sec. 9a, the "negligence" exception of the Texas Venue Statute, art. 1995, Tex. Rev.Civ.Stat.Ann. After a hearing before the court sitting without a jury, the trial court overruled the plea of privilege and defendant, Kimbell, Inc., duly perfected this appeal.

We reverse and render.

The evidence shows that the plaintiff entered the store in question in the late afternoon of December 19, 1975, for the purpose of purchasing groceries. Traffic in the store was described as being light. Plaintiff testified that about 10 or 15 minutes after he had entered the store and while pushing a grocery cart down one of the aisles, he stepped on a foreign substance on the floor causing his feet to slip from under him and as a result he fell backward and struck the floor, causing him to suffer personal injuries. He conceded that he did not know what the substance was that caused him to fall, but that it appeared to him that it was syrup. He testified that he immediately left the scene and notified the store manager who, after observing the substance, said it looked to him like jelly. Plaintiff further testified that after he fell, he observed two or three other sets of grocery cart tracks which had passed over the substance. Defendant did not offer any testimony at the hearing.

On appeal, defendant contends that the trial court erred in overruling its plea of privilege because plaintiff failed to prove by a preponderance of the evidence the necessary venue facts to sustain venue under the "negligence" exception to the venue statute.

Sec. 9a of art. 1995, supra, provides that "[a] suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the

county where the defendant has his domicile."

It is the general rule in Texas that a defendant is entitled to be sued in his own county unless it clearly appears that one of the exceptions set forth in art. 1995, supra, will apply. *Goodrich v. Superior Oil Co.*, 150 Tex. 159, 237 S.W.2d 969, 972 (1951). To sustain venue in a given case it is the plaintiff's burden to allege and prove the venue facts appropriate to the character of the suit alleged. *Cowden v. Cowden*, 143 Tex. 446, 186 S.W.2d 69, 71 (1945); *Burrows v. Texas Kenworth Co.*, 554 S.W.2d 300 (Tex.Civ.App.—Tyler 1977, dism'd).

To sustain venue under Exception 9a, the plaintiff must establish the essential elements of a cause of action in negligence by a preponderance of the evidence. 1 McDonald, Texas Civil Practice, sec. 4.17.2, pp. 475–76. In cases of this type, sometimes referred to as "slip and fall" cases, the plaintiff must prove in order to establish liability for negligence that: (1) the defendant placed the substance on the floor; or (2) the defendant knew the substance was on the floor and willfully or negligently failed to remove it, or (3) the substance had been on the floor for such a period of time that, in the exercise of ordinary care, it should have been discovered and removed. 40 Tex. Jur.2d, Rev., Part 2, Negligence sec. 59, p. 246; *H. E. Butt Grocery Co. v. Johnson*, 226 S.W.2d 501 (Tex.Civ.App.—San Antonio 1949, err. ref'd); *Great Atlantic & Pacific Tea Co. v. Giles*, 354 S.W.2d 410 (Tex.Civ. App.—Dallas 1962, writ ref'd n. r. e.).

Plaintiff makes no contention that the agents, servants or employees of the defendant either put the substance on the floor or knew that it was there prior to the time he fell. Plaintiff undertakes to sustain the judgment on the theory that the evidence is sufficient to show that the substance had been on the floor for such a period of time that, in the exercise of ordinary care, it should have been discovered and removed. In this regard plaintiff relies on the following testimony given by him on cross-examination.

"Q. You don't know how long it had been on the floor, do you, yourself?

"A. Well no, I don't know exactly how long it had been there. It had been—

"Q. Well now, no . . . that's not responsive.

"Q. From your own personal knowledge, do you know how long this stuff had been on the floor?

"A. I will say anywhere from 30 to 40 minutes . . . . .

"Q. You had only been in the store 10 or 15 minutes?

"A. Well, I know it."

The record reveals that the plaintiff testified unequivocally on several occasions that he had only been in the store 10 or 15 minutes before the accident occurred and that he did not see the substance on the floor until after he had fallen. He gave no testimony of any facts which would tend to support his conclusion that the substance had been on the floor 30 or 40 minutes. At one point in his testimony, he frankly admitted that he did not know how long the substance had been on the floor. His opinion as to the length of time that it had been there amounts to nothing more than conjecture and therefore does not amount to any evidence at all. It is well settled that the naked and unsupported opinion or bare conclusion of a witness does not constitute evidence of probative force and will not support a finding based thereon even when admitted without objection. *Casualty Underwriters v. Rhone*, 134 Tex. 50, 132 S.W.2d 97 (1939); *Dallas Railway & Terminal Co. v. Gossett*, 156 Tex. 252, 294 S.W.2d 377 (1956). As we view the record, plaintiff's testimony, even when considered in the most favorable light, fails to establish that the substance on the floor had been there for such a period of time that, in the exercise of ordinary care, it should have been discovered and removed. Such testimony does nothing more than raise a suspicion or surmise and is therefore insufficient to raise an issue of fact as to whether the defendant was guilty of negligence in failing to discover and remove the substance.

Plaintiff argues that his testimony showing that 2 or 3 other grocery carts had made tracks through the substance constitutes some evidence tending to show the substance had been on the floor for a length of time sufficient to give defendant constructive notice and demonstrates that it had been there for a sufficient length of time to have been discovered and removed by the exercise of ordinary care. We do not agree. It is just as likely that the tracks were made by customers traversing the aisle only minutes or even seconds before plaintiff's fall. We fail to see how the mere presence of grocery cart tracks, standing alone, would constitute competent evidence tending to show the length of time a food item has been on the floor. See *Kimbell, Inc. v. Blount*, 562 S.W.2d 10 (Tex.Civ.App.—Austin 1978, no writ history); *Furr's Supermarkets, Inc. v. Arellano*, 492 S.W.2d 727 (Tex.Civ.App.—El Paso 1973, writ ref'd n. r. e.).

Finally plaintiff theorizes that the substance originally dropped on the floor was jelly, but had turned to syrup by the time he slipped and fell. Based on this premise he argues that there is sufficient circumstantial evidence to show that the substance had been on the floor an unreasonable length of time. This jelly-to-syrup theory is apparently derived from plaintiff's testimony in which he stated that the substance looked like syrup, but that the store manager stated it looked more like jelly. We find no proof in the record that where jelly is dropped on a floor it turns to syrup. Even if such fact had been established we find no evidence showing how long it takes for such transformation to take place. In the absence of such proof neither the trial court nor this court would be authorized to assume such facts and render judgment based thereon.

We have carefully examined and analyzed the testimony in this record and find that we are unable to agree with plaintiff's contention that the evidence is sufficient to support the trial court's implied finding of negligence. There is no evidence whatsoever as when or how the substance got on the floor, and there is no evidence of probative force that it had been there for a sufficient length of time to give the defendant's agents, servants or employees constructive notice of its presence. Absent proof that defendant either put the substance on the floor or knew it was on the floor and failed to remove it, or that the substance was on the floor for such a length of time that a person of ordinary prudence would have discovered and removed it, plaintiff failed to establish negligence on the part of defendant. *J. Weingarten, Inc. v. Tyra*, 381 S.W.2d 215 (Tex.Civ.App.—Tyler 1964, no writ history). It follows that venue cannot be maintained in Anderson County under Sec. 9a of the venue statute.

Accordingly, the judgment of the trial court is reversed and the cause is ordered transferred to the district court of Tarrant County.