Johnny LOZANO, Appellant,

v.

TEX–PAINT, INC. et al., Appellees.

No. 1345.

Court of Civil Appeals of Texas, Tyler.

Sept. 11, 1980.

Daniel R. Rutherford, San Antonio, for appellant.

John M. Tutt, San Antonio, for appellees.

SUMMERS, Chief Justice.

This is an appeal from an order sustaining defendants' pleas of privilege and transferring the cause to Travis County.

Appellant, Johnny Lozano, as plaintiff, filed this suit in the District Court of Bexar County, Texas, against appellees, Tex Paint, Inc., John Robert Stratton, and Lee Folta. Appellant's original petition sets forth in Paragraph II his alleged cause of action as follows:

> ... Subsequent thereto, your Plaintiff caused to be filed certain proceedings in said cause and prior to judgment paid the $613.95 into the registry of the court. That subsequent thereto and thereafter, the Defendants and all of them by and through their attorney of record, therein, John Robert Stratton, through various and diverse means proceeded to embark upon a course of harsh, cruel, and inhuman treatment toward your Plaintiff such as to harrass him and to build their money damages. That subsequent thereto and thereafter, with a judgment for more money than they were entitled to the Defendants and all of them proceeded to have process issued against the Plaintiff such that he was arrested and confined in the custody of the Sheriff of Bexar County on at least two occasions and attempted to force the Plaintiff to execute a bail bond running to the benefit of the Defendant such that in the event the Plaintiff failed to appear the amount of the bond would be forfeited to the Defendant thereby greatly enhancing their position financially.

The acts, alleged above by appellant, related to a prior suit on sworn account styled Tex-Paint, Inc. v. Lozano. In that case, Lozano's attorney tendered into the registry of the court $613.95, which he alleged was the amount due on the sworn account; subsequently, Tex Paint, Inc. took a default judgment therein against Lozano for $1,155.60. Lozano alleges that he did not receive notice of the default judgment until Tex Paint withdrew the money from the registry of the court and proceeded in its attempts to recover the remaining part of the judgment. During the next year Tex-Paint filed several motions to compel answers to interrogatories which it had submitted to Lozano. The trial court granted these motions and issued orders for Lozano to answer the interrogatories. The interrogatories were never answered and the trial court caused Lozano to be arrested several times under writs of attachment issued pursuant to court orders in contempt proceedings. Lozano alleges that the first time he was arrested he had no prior notice that he was in contempt; that Tex Paint's lawyer sent a bond along with the writ of attachment; that this bond was payable to Tex Paint, Inc. in case of default; that the sheriff of Bexar County would not let him sign the bond because it was not made out to the State of Texas; and that the sheriff amended a regular criminal bond which Lozano signed. John Robert Stratton was the attorney of record for Tex Paint, Inc. in this suit and Lee Folta was the credit manager for Tex Paint, Inc. Upon a bill of review filed by Lozano, the trial court refused to set aside the default judgment rendered against him. Subsequently, Lozano filed the present suit against Tex Paint, John Robert Stratton, and Lee Folta.

Appellees, Tex Paint and John Robert Stratton, filed pleas of privilege requesting transfer of the case to Travis County, Texas, and subject thereto, general denials. Appellant filed controverting affidavits asserting that venue was lawfully maintainable in Bexar County, Texas, pursuant to subdivisions 4, 9, 23, and 29a of Article 1995.[1] After a hearing upon such pleas of privilege, the trial court entered an order sustaining said pleas of privilege. From this order appellant has prosecuted this appeal.

We affirm.

---

1. This and all other statutory references are to Vernon's Annotated Texas Civil Statutes unless otherwise noted.

The record before us is without findings of fact or conclusions of law. Under these circumstances, the well-settled rule is that the appellate court is required to affirm the judgment rendered by the trial court if it can be sustained on any reasonable theory authorized by law and supported by the evidence. *Bishop v. Bishop*, 359 S.W.2d 869, 871 (Tex.1962); *Sanders v. Republic National Bank of Dallas*, 389 S.W.2d 551, 554 (Tex.Civ.App.–Tyler 1965, no writ).

Appellant predicates this appeal upon four points of error contending that the trial court erred in sustaining the defendants' pleas of privilege after plaintiff pled and proved each of the requisite venue facts under subdivisions 4 (point 1), 9 (point 2), 23 (point 3), and 29a [2] (point 4) of Article 1995. Under these points appellant contends that he pled and proved the existence of a bona fide cause of action against defendants, specifically false imprisonment and abuse of process.

It is the general rule in Texas that a defendant is entitled to be sued in his own county unless it clearly appears that one of the exceptions set forth in Article 1995, supra, will apply. *Goodrich v. Superior Oil Co.*, 150 Tex. 159, 237 S.W.2d 969, 972 (1951).

To sustain venue in a given case it is the plaintiff's burden to allege and prove the venue facts appropriate to the character of the suit alleged. *Cowden v. Cowden*, 143 Tex. 446, 186 S.W.2d 69, 71 (1945); *Kimbell, Inc. v. Roberson*, 570 S.W.2d 587, 589 (Tex. Civ.App.–Tyler 1978, no writ); *Burrows v. Texas Kenworth Co.*, 554 S.W.2d 300 (Tex. Civ.App.–Tyler 1977, writ dism'd).

It is well established that in a venue hearing the plaintiff has the same burden of proving a cause of action as on a trial on the merits. *Flowers v. Dempsey Tegeler & Co.*, 472 S.W.2d 112, 116 (Tex.1971); *Cowden v. Cowden,* supra; *Compton v. Elliott,* 126 Tex. 232, 88 S.W.2d 91, 95 (1935); *Kimbell, Inc. v. Roberson,* supra; *Kirby Lumber Corp. v. Treadway,* 382 S.W.2d

316, 319 (Tex.Civ.App.–Beaumont 1964, writ dism'd).

From the record before us it appears that a valid judgment, in the sworn account suit, was outstanding at all times. In the present suit, appellant relies on actions taken by the appellees in enforcing that judgment to constitute false imprisonment and abuse of process. We cannot agree.

In *J. C. Penney Company v. Duran*, 479 S.W.2d 374, 379 (Tex.Civ.App.–San Antonio 1972, writ ref'd n. r. e.), it was stated that:

"The essential elements of false imprisonment are: (1) a willful detention of the person; (2) a detention without authority of law; and (3) a detention against the consent of the party detained."

The court said in *Tandy Corporation v. McGregor*, 527 S.W.2d 246, 248 (Tex.Civ. App.–Texarkana 1975, writ ref'd n. r. e.): "It is a complete defense to an action for false imprisonment that the arrest or detention was by virtue of process, legally sufficient in form, and duly issued by a court or official having jurisdiction to issue it."

In the present case, appellant complains of several arrests of his person, by the sheriff of Bexar County, made under the authority of writs of attachment. Appellant testified at the plea of privilege hearing that prior to his first arrest he did not receive any notice of contempt proceedings against him. Each writ of attachment was issued pursuant to an order of the trial court (copy of which was attached to the writ) holding the appellant in contempt and ordering that the writ of attachment issue for his arrest. Each of such orders, after reciting that appellant had notice of the show cause hearing but failed to appear, further ordered that:

Appellant appear in this Court at a specified date in the future, and show cause why he should not continue to be held in contempt of court;

Bond to assure the appearance after attachment of the appellant be set at $1,000.00, that surety bond is required,

---

2. Appellant's brief actually states that 29b is the applicable subdivision. However, it is ap-
parent from appellant's argument that he is referring to 29a.

and no personal recognizance shall be allowed; and

If appellant fails to post proper appearance bond, appellant, when attached, be confined in the county jail by the officer attaching him until he purges himself of contempt of court or until further hearing of this cause as hereinabove set.

There were no allegations in appellant's petition that the writs of attachment were not sufficient in form or were not issued by a proper official. Therefore, the presumption is that each writ was legally sufficient in form and duly issued by an official having jurisdiction to issue it. Since, in each instance, appellant was arrested under a writ of attachment duly issued pursuant to a valid court order, we conclude that an essential element of false imprisonment was lacking, namely "a detention without authority of law." Therefore, Lozano's detention could not constitute false imprisonment. *Workman v. Freeman*, 155 Tex. 474, 289 S.W.2d 910 (1956); *Lilley v. Minute Market, Inc.*, 501 S.W.2d 688 (Tex.Civ.App. El Paso 1973, writ ref'd n. r. e.); *J. C. Penney Company v. Duran*, supra; *Pate v. Stevens*, 257 S.W.2d 763 (Tex.Civ.App. Texarkana 1953, writ dism'd).

■ Appellant also alleges a cause of action based on abuse of process. In order for a person to recover for abuse of process, he must plead and prove three essential elements: (1) that defendant made an illegal, improper, or perverted use of process, a use neither warranted nor authorized by the process; (2) that the defendant had an ulterior motive or purpose in exercising such illegal, perverted or improper use of the process; and (3) that damage resulted to the plaintiff as a result of such irregular act. *Martin v. Trevino*, 578 S.W.2d 763, 769 (Tex.Civ.App.–Corpus Christi 1978, writ ref'd n. r. e.); *J. C. Penney Company v. Gilford*, 422 S.W.2d 25, 31 (Tex.Civ.App. Houston [1st Dist.] 1967, writ ref'd n. r. e.).

■ The mere procurement or issuance of process with malicious intent or without probable cause is not actionable. This is so because there must be an improper use of the process after its issuance. *Tandy Cor-poration v. McGregor*, supra; *Blackstock v. Tatum*, 396 S.W.2d 463 (Tex.Civ.App.–Houston 1965, no writ); Restatement of the Law of Torts 2d, sec. 682 Comment A (1966). Texas has generally recognized a cause of action for abuse of process in situations where the original process, such as a writ of garnishment or writ of sequestration, has been abused to accomplish an end other than that which the writ was designed to accomplish. See *Peerless Oil & Gas Co. v. Teas*, 138 S.W.2d 637 (Tex.Civ. App.-San Antonio 1940) affirm'd 138 Tex. 301, 158 S.W.2d 758 (1942); *Rogers v. O'Barr & Dinwiddie*, 76 S.W. 593 (Tex.Civ. App.1903, no writ).

■ In the present suit appellant alleges he has a cause of action for abuse of process because "with a judgment for more money than they were entitled to the Defendants and all of them proceeded to have process issued against the plaintiff such that he was arrested and confined in the custody of the sheriff of Bexar County on at least two occasions and attempted to force the plaintiff to execute a bail bond running to the benefit of the defendant such that in the event that plaintiff failed to appear the amount of the bond would be forfeited to the Defendant thereby greatly enhancing their position financially."

As we stated above, it appears from the record that a valid judgment existed against appellant at all times. Appellees attempted to enforce their judgment by way of writs of attachment issued pursuant to court orders in contempt proceedings. In doing so, appellees did not use the process in any manner other than that for which it was designed to be used. Appellant's allegations are fatally defective because they fail to allege an improper use of the process.

Moreover, appellant seems to state that appellees' action in supplying a bond payable to Tex Paint was an abuse of process. We find no merit in this complaint in that no damage resulted to appellant as a result of this irregular act. Although the sheriff would not allow appellant to execute the

bond tendered by Tex–Paint, appellant was allowed to execute a regular criminal bond that had been slightly altered. Appellant was not denied his right to bond and has not proved any damage in connection with the execution of such bond.

As we view the record, the appellant has wholly failed under the applicable rules to prove by a preponderance of the evidence as follows:

(1) The existence of a bona fide cause of action against a resident defendant of Bexar County, as required by Subdivision 4;

(2) That a trespass has been committed, as required by Subdivision 9;

(3) All elements of a cause of action for either false imprisonment or abuse of process against the corporate defendant, as required by Subdivision 23; and

(4) That venue is proper as against at least one of the defendants under some exception to the general venue rule, as required by Subdivision 29a.

We accordingly overrule appellant's points of error and affirm the judgment of the trial court.