George S. McCARTHY, Appellant,

v.

The CITY OF AMARILLO, Appellee.

No. 10524.

Court of Civil Appeals of Texas. Austin.

Nov. 20, 1957.

Rehearing Denied Dec. 11, 1957.

Reeder & Reeder, McCarthy, Rose & Haynes, Amarillo, for appellant.

Gibson, Ochsner, Harlan, Kinney & Morris, J. Hadley Edgar, Jr., Amarillo, for appellee.

HUGHES, Justice.

This is a condemnation suit brought by the City of Amarillo for the purpose of acquiring the fee title to 37.61 acres, more or less, owned by appellant George S. McCarthy, in order to enlarge the Amarillo Air Terminal owned by the City of Amarillo.

Trial to a jury resulted in a judgment of condemnation for the City and for damages in the sum of $24,250 for appellant and certain persons holding liens against the condemned property who have not appealed.

Appellant's first three points are briefed jointly and will be so discussed. They relate to the insufficiency of the evidence to

support the jury verdict finding the value of the property taken to be $24,250.

Six witnesses, three for the City and three for appellant, testified as to value expressing these opinions:

| Witness for City | | Value |
| --- | --- | --- |
| L. C. Nesbitt | | $ 25,352.50 |
| Royce Gant | | 31,500.00 |
| George Turnley | | 24,110.00 |
| Witness for appellant | | Value |
| Homer M. Wheeler | | $ 47,050.00 |
| Stanley Blackburn | $56,460.00 to | 75,280.00 |
| George S. McCarthy (Appellant) | | 67,752.00 |

As to the City's witness Turnley appellant contends that his opinion should be disregarded because the value placed by him on the property was related to the date of trial rather than to the time the property was taken. This contention is overruled because the evidence, set out below,[1] clearly shows that while Mr. Turnley had based an earlier opinion of value on less depth to the property fronting on the highway than the depth later adopted by him both estimates of value were made as of the date of the taking which was December 22, 1955.

In addition to the opinions of the witnesses as to value there is a wealth of other

1. "Q. Mr. Turnley, from the investigations you have made and these things you have considered, do you feel in your opinion that you can tell the jury what the fair market value of this land was as of December 22nd, 1955? A. Well, yes, I have made a value. In fact, I have made two.

"Q. All right, sir. What is your opinion of the value of this land as it existed on December 22nd, 1955? A. I am going to have to admit to you that the appraisal that I made—the first one back at that date—I can't find unless I gave it to * * *

"Q. My question is: What is your opinion now, today— A. Oh, today?

"Q. —Of the value of that land on December 22nd? A. Well, there is no difference in them to speak of anyway. This is my appraisal here and my value if you are ready for it.

"A. Yes, sir.

"A. This land is located in Section 38, Block 2, A. B. & M and it faces 66 highway approximately 824 foot front-

age; and the distance south is 1681 feet and the entire tract of land contains 37.61 acres, and I value this property in this manner.

"I take the frontage, 824 feet fronting the highway to a depth of 600 feet.

"Q. Why do you select a depth of 600 feet? A. Well, in the first appraisal I made on that I made it a depth of 300 feet. I know that, and that is possibly enough depth but I changed my figures because it takes in more of the front and as you spoke of truck terminals or say, tourist courts or anything else, that unquestionably 600 feet would give it ample depth for any type of business.

"And I gave that amount of ground a value of $1500 per acre, and it contains 12.76 acres—at $1500 per acre. Then the remainder of the land that lays back south below the 600 foot line, I valued that land at $200 an acre. The first at $1500 amounts to $19,140 and the remainder at $200 an acre amounts to $4,970 and the total amounts to $24,-110.00."

evidence in the record to which the jury was entitled to look in order to fix the value of the property such as the nature of the property itself, its adaptability to commercial or residential purposes, its proximity to the Amarillo Airport and recent sales of similar property in the vicinity. We will not detail the evidence on these matters because appellant restricts his brief on these points to a discussion of the opinion testimony. We will only say that the property condemned is unimproved land, that it lies just across the highway from the Amarillo Air Force Base and the Amarillo Municipal Airport and is subject to the hazard of low flying planes and that the evidence as to other sales shows a variation from a sale of 370 acres made in February 1955 for $95 per acre to a sale of 26 acres, all fronting on public roads, in 1952 for $833 an acre, and that the sales nearest in point of time were 10 acres in June 1955 for $300 per acre and 370 acres in February 1955 for $95 per acre.

■ Opinion evidence, in matters of this kind, is not conclusive. A jury may weigh, consider and accept or reject such opinions or it may form its own opinion from the evidence and by utilizing its own experiences and matters of common knowledge. See Coxson v. Atlantic Life Ins. Co., 142 Tex. 544, 179 S.W.2d 943; Scott v. Liberty Mutual Ins. Co., Tex.Civ.App. Austin, 204 S.W.2d 16, writ ref., N.R.E.

■ Our conclusion is, from a careful consideration of all the evidence, that the verdict of the jury, finding the value to be approximately $645 per acre, is not so against the preponderance of the evidence as to be manifestly unjust or clearly wrong, and we, therefore, overrule appellant's first three points.

■ The fourth point is that error was committed in permitting the City to introduce in evidence, over objection, an abstract of a money judgment in favor of Kemble and Porter against appellant dated August 18, 1953. The objection was that the evidence had no bearing on the value of the condemned land and was prejudicial to appellant.

Appellant was a witness and had qualified as an expert on land values and was permitted to express an opinion on the value of his property. In stating his qualifications appellant testified that he had dealt extensively in buying and selling real estate and referred to specific properties which he had bought and sold and operated. His counsel thereafter propounded these questions, which were answered, to him:

"Q. All right, Mr. McCarthy, based on your experiences in dealing with and developing and operating various properties, what, in your opinion, was this property that you purchased most adaptable for—what use was it most adaptable to at the time you purchased it—at the time it first became known there was going to be an Air Base expansion?

"* * *

"Q. All right, Mr. McCarthy, based upon all of your experiences and observations and investigations that you have made, bearing in mind that the measure of damages on the valuation of the property for the purpose of this proceeding is what a person would—who is under no complusion to sell—could sell the property for to a person who was under no necessity of purchasing the property.

"What, in your opinion, was the value of this property that is involved in this controversy at the time of the condemnation of the property on December 22nd, 1955?"

Appellant testified fully regarding the judgment against him and, without going into details, explained that the note upon which the judgment was based was given in part payment of a farm in Deaf Smith County the operation of which was unsuccessful and failed to produce enough revenue to pay the note. Thereafter appellant

borrowed money and satisfied the judgment.

We believe, under these circumstances, that the introduction of the judgment against appellant was within the discretion of the Trial Judge in allowing counsel great liberality in the cross examination of a witness as to all matters testified to in chief by the witness. Unsuccessful experience of an expert witness is just as cogent as successful experience in determining the weight to be given his opinion evidence. See generally Texas Law of Evidence, McCormick and Ray, 2nd ed. Sec. 600; 19 Tex.Jur. pp. 449–50; Texas Employers Ins. Ass'n v. Hale, Tex.Civ.App. Dallas, 188 S.W.2d 899, affirmed, 144 Tex. 432, 191 S.W.2d 472.

■ Point five is that the Court erred in sustaining objection by the City to testimony offered by the appellant pertaining to the price and circumstances of the recent purchase (less than three years) of the subject property.

The property in suit was purchased by appellant as part of a larger (52.22 acre) tract on which (outside the property taken) was located a cafe and other improvements. Appellant was asked what he paid for the entire 52.22 acre tract. Numerous objections were lodged to this question and were sustained by the Trial Court. The record does not disclose what the answer to the question would have been. This omission is fatal to our authority to review the error, if any. 3-A Tex.Jur., Sec. 421, Appeal and Error, and the many cases there cited.

■ Appellant's last point is that the Court erred in sustaining objections made by the City to evidence regarding a recent sale (less than two years) of 1.38 unimproved acres out of the original 52.22 acre tract to Tony Martin.

The assignment in appellant's motion for new trial upon which this point is based reads:

"That the Court erred in allowing the introduction of said judgment hereinabove referred to in Paragraph 3 hereof being the George Kemble and W. A. Porter judgment against George S. McCarthy when petitioner stated as a predicate for introducing said judgment that is was for the purpose of showing the lack of business acumen of respondent, and that the purchase of said property was not a good business transaction when the court had previously upon the objection of the petitioner refused to allow testimony by respondent as to the consideration paid in the purchase of the subject property and refused over the objection of the petitioner to allow testimony of respondent as to the consideration given respondent for the sale of 1.38 acres of said land to one Tony Martin after the acquisition by respondent and upon a sale prior to any action of condemnation by the City of Amarillo."

Rule 321, Texas Rules of Civil Procedure, prescribing a form for a new trial motion requires a complaint to be stated "in such way as that the point of objection can be clearly identified and understood by the court" and Rule 374, T.R.C.P., provides that when a motion for new trial is required, as here, that "A ground of error not distinctly set forth in the motion for new trial * * * shall be considered as waived."

As we read the above assignment the only error complained of was the admission in evidence of the Kemble-Porter judgment against appellant the reference to the sale of the 1.38 acre tract being given as a reason for or demonstration of such error. Certainly the error claimed under this point was not set forth in the manner required by Rules 321 and 374. Point six is overruled.

No error appearing, the judgment of the Trial Court is affirmed.

Affirmed.