C. T. NELSON et al., Appellants,

v.

STATE of Texas, Appellee.

No. 10648.

Court of Civil Appeals of Texas. Austin.

Jan. 18, 1961.

Frank L. Scofield, J. Hubert Lee, Austin, for appellants.

Will Wilson, Atty. Gen., H. Grady Chandler, Joseph G. Rollins, Asst. Attys. Gen., for appellee.

GRAY, Justice.

This condemnation case was before this Court at a prior term. We reversed the judgment of the trial court because of what we believed to be jurisdictional defects in the proceedings but we did not reach or decide points 4 and 6 which are to the effect that jury findings are contrary to the overwhelming weight and preponderance of the evidence. 324 S.W.2d 898.

The Supreme Court reversed our judgment and remanded the case to this Court for our decision of points 4 and 6. 334 S. W.2d 788.

Appellants reside on approximately 160 acres of land which adjoins Highway 81 and the State has taken approximately 7 acres of the land for highway purposes.

In answer to the three special issues submitted the jury found that: (1) the market value of the land taken was $1,820; (2) immediately before the taking the market value of appellants' land, exclusive of the strip taken, was $25,256; and (3) immediately after the taking the market value of the remainder of the tract was $41,160.

In deciding points 4 and 6 supra we must consider all of the evidence in any manner bearing on the issues of the market value of the tracts of land as inquired about in the issues supra.

The witness Legge expressed his opinion that the value of the land taken was $260 per acre, that the value of the entire tract before the taking, exclusive of the tract

taken, was $27,756 and that after the taking the value of the remainder was $31,134. In testing his qualifications to express an opinion as to the market value of the land this witness, on direct and on cross-examination, testified as to his knowledge of other land sales, compared such land to the land in question together with where the same was located. These sales ranged from $125 per acre to $331 per acre. Another witness expressed his opinion that the market value of the land taken was $750 per acre. This witness also testified as to his knowledge of and experience with land sales. Another witness testified that the value of the land taken was $6 per front foot and said this made its value $8,000. Appellant Clarence T. Nelson said the value of the land taken was $8,000. There was evidence as to the uses for which the land was suitable and adaptable including commercial uses and development; of advantages and disadvantages to business located on the remaining land because of the highway; the type of construction of the highway, the number of its lanes of traffic; the depth of the cut made for the construction of the highway, the hazards of highway traffic, the possibility of one way traffic and how the use of the improvements then on the land would be affected.

The market value of the land remaining before and after the taking as testified to by the witnesses was: before the taking $27,756, $58,398 and $65,400; after the taking $31,134, $49,925 and $50,000.

Appellants say that in answer to issue one supra the jury found the market value of the land taken was the value as testified to by the witness Legge (7 × $260). They say that this testimony cannot be the basis for the jury's finding because the witness testified that the value of the improvements (driveway, cattle guard and fence) on such land was $372 and that the least the jury could have found as the value of said land was $1,820 plus $372 or a total of $2,192. The witness said that he gave weight to the improvements and that he valued the fence but that the compensation to the owner therefor was applied to the value of the remainder of the land as damages because a purchaser would have to reconstruct it. As to the driveway and cattle guard he said he just allowed a little bit more per acre as the value of the land. He said:

"So the procedure, proper procedure in appraising farms, is to make comparisons and just adjust up or down when you are comparing your improvements, to your *comprable* sales, and then allow for home use value or any other amenitive value, * * *."

■ The answer of the jury to issue 3 was well within the limits of the testimony as to the market value of the remainder of the tract after the taking and presents no difficulty. The answer to issue 2 fixes the value of the land, exclusive of the tract taken, immediately before the taking at $25,256. This is less than the least value testified to by the witnesses.

In its opinion above referred to the Supreme Court said:

"It is also our opinion that respondents' third and fifth points in the Court of Civil Appeals, which assert that the jury's findings are without support in the evidence, do not present reversible error."

Point three is directed to issue 1 and point five is to the effect that the jury's answers to issues 2 and 3 have no support in the evidence.

■ The Supreme Court has held that the jury's answer to issue 2 has support in the evidence. That decision puts at rest the question presented by point 5. Therefore we must accept as true the jury's finding on the issue.

■ Peerless Oil & Gas Co. v. Teas, Tex.Civ.App., 138 S.W.2d 637, affirmed 138 Tex. 301, 158 S.W.2d 758. For this reason and because the point for our decision here is whether the finding is against the great

weight and preponderance of the evidence a finding cannot be substituted for that of the jury. Happ v. Happ, Tex.Civ.App., 160 S.W.2d 227. Er. ref., w. m.

■ The witnesses as to the value of appellants' land were offered and testified as experts on land values. Each was subjected to cross-examination and his method of arriving at stated values was thoroughly tested as was the testimony as to the effect the highway would have on the value of the remainder of the land and on the uses for which it was adaptable. This evidence was of course opinion evidence and its weight was for the jury. Rogers & Adams v. Lancaster, Tex.Com.App., 248 S.W. 660. Such testimony is evidentiary, it is not binding on the jury and does not as a matter of law establish any fact. Thompson v. State, Tex.Civ.App., 311 S.W.2d 927, Er. ref., n. r. e. In McCarthy v. City of Amarillo, 307 S.W.2d 595, Er. ref., n. r. e., a condemnation case, this Court said:

"Opinion evidence, in matters of this kind, is not conclusive. A jury may weigh, consider and accept or reject such opinions or it may form its own opinion from the evidence and by utilizing its own experiences and matters of common knowledge. See Coxson v. Atlantic Life Ins. Co., 142 Tex. 544, 179 S.W.2d 943; Scott v. Liberty Mutual Ins. Co., Tex.Civ.App. Austin, 204 S.W.2d 16, writ ref., N. R.E."

In Guinn v. Coates, Tex.Civ.App., 67 S. W.2d 621, the court upheld a jury's answer finding the value of services rendered by the plaintiff to be $80 which was less than the value placed on the services by any witness. In Simmonds v. St. Louis, B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332, the court quoted with approval from the opinion in Guinn v. Coates as follows:

"There was evidence as to the value of the material used and as to the length of time required to perform the services. It is peculiarly within the province of the jury to weigh opinion evidence, and the judgment of experts, even when unanimous and without positive contradiction, will not necessarily be conclusive. To hold otherwise would be to shift the most important function of the jury to expert witnesses."

The court also quoted from Head v. Hargrave, 105 U.S. 45, 26 L.Ed. 1028, in part, as follows:

"The judgment of witnesses, as a matter of law, is in no case to be substituted for that of the jurors."

■ As is shown supra the answers of the jury to issues 1 and 3 are within the limits of the values fixed by the opinion evidence and it has been judicially determined that the answer to issue 2 (also 1 and 3) is not without support in the evidence. It is true that the jury's answer to issue 2 finds the value of the land immediately before the taking, excluding the strip taken, was less than the expressed opinion of any witness as to such value. However as shown supra this does not leave the answer without support in the evidence.

■ We are here concerned with jury findings of the market value of land. This was necessarily a matter of opinion to be expressed by qualified witnesses. State v. Haire, Tex.Civ.App., 334 S.W.2d 488, Er. ref., n. r. e. Applying the rules supra to the opinion evidence before the jury for the purpose of testing the findings against the complaint that such findings are so against the great weight and preponderance of the evidence as to be manifestly unjust we think it must be said that the evidence affords a sound and valid basis for the findings. It is also our opinion that, considering all of the evidence and according the jurors the privilege of weighing such evidence and forming their own opinion from such evidence by utilizing their own experiences and matters of common knowledge, it cannot logically be said that

such findings are "contrary to the overwhelming weight and preponderance of the evidence."

What we have said leads to the conclusion that points 4 and 6 must be overruled. They are overruled and the judgment of the trial court is affirmed.

Affirmed.