**Evelyn P. LEIBER, et al., Appellants,**

v.

**TEXAS MUNICIPAL POWER AGENCY, Appellee.**

**No. C14–82–381CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 15, 1983.

Rehearing Denied Jan. 19, 1984.

William Drew Perkins, Fenley & Perkins, Lufkin, for appellants.

Roy Barrett, Beverly Willis, Naman, Howell, Smith & Lee, Waco, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

SEARS, Justice.

Landowners appeal from judgment in suit by appellee, Texas Municipal Power Agency, to condemn in fee 30.737 acres and a flood easement on three different areas comprising a total of 24.161 acres out of a 106.43 acre tract. We reverse and remand.

Issues were submitted to the jury concerning the value of the easement area, before and after the taking; and the value of the remainder, before and after the taking. Two expert witnesses testified to the values the jury was requested to find. Vernon W. Thomas was a witness for the landowner. James C. Smith was a witness for Texas Municipal Power Agency. The findings of the jury and the opinions of the expert witnesses as to these values are depicted by the following table:

|  | Easement Before | Easement After | Remainder Before | Remainder After | Total Damages |
|---|---|---|---|---|---|
| Landowner's Expert (Thomas) | $48,322.00 | $10,322.00 | $102,290.00 | $37,290.00 | $103,000.00 |
| TMPA Expert (Smith) | $24,161.00 | $ 9,262.00 | $ 51,145.00 | $28,711.00 | $ 37,333.00 |
| Jury | $36,241.50 | $18,120.75 | $ 76,717.50 | $51,145.00 | $ 43,693.25 |

Appellants allege in their points of error number one and three that the jury findings of the after taking value of the easement and remainder areas are not supported by any of the evidence, and therefore, the trial court erred in overruling appellants' motion to disregard these jury findings and their motion for judgment n.o.v. The law applicable to these points of error is well stated in *Roberts v. State*, 350 S.W.2d 388, 391 (Tex.Civ.App.—Dallas 1961, no writ):

"It has been held in *Maddox v. Gulf, Colorado & Santa Fe Ry. Co.*, Tex.Civ. App., 293 S.W.2d 499, (err. ref. n.r.e.) that in a condemnation case of this kind the jury when considering the value of condemnee's remaining property immediately after condemnation, are restricted only by the lowest figure testified to. See *Houston Belt & Term. Ry. Co. v. Lynch*, Tex.Civ.App. 185 S.W. 362, affirmed Tex.Com.App., 221 S.W. 959. Also, in *McConnico v. Texas Power & Light Co.*, Tex.Civ.App. 335 S.W.2d 397 (err. ref. n.r.e.) the court held that a jury is at liberty to reach its conclusion by blending all of the evidence admitted before them, aided by their own experience and knowledge of the subject of inquiry; that they are not compelled to credit all the testimony of any witness or to reject it all. Moreover, our courts have held that opinion evidence is not conclusive. A jury may consider and accept or reject such opinions or it may find its own opinion from evidence and by utilizing its own experience in matters of common knowledge. *McCarthy v. City of Amarillo*, Tex.Civ.App., 307 S.W.2d 595, (err. ref. n.r.e.); *Coxson v. Atlanta Life Ins. Co.*, 142 Tex. 544, 179 S.W.2d 943 and *Nelson v. State*, Tex.Civ.App., 342 S.W.2d 644."

The jury findings of after-taking value are above the lowest figure testified to by the experts. Also, the amount of total damages found by the jury is within range of the expert testimony produced at trial. Viewing the evidence in the light most favorable to these findings we cannot conclude that there is no evidence to support them; therefore, appellants' points of error one and three are overruled.

Appellants' allege in their points of error two and four that the jury findings as to the after taking value of the easement and remainder areas are so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. We are required to consider and weigh all of the evidence in the case and to set aside the verdict and remand the cause for a new trial if we conclude that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust, regardless of whether the record contains some evidence of probative force in support of the verdict. *Roberts v. State*, 350 S.W.2d 388, 391 (Tex.Civ. App.—Dallas 1961, no writ); *In re Kings Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

The evidence shows that the taking in fee of 30.737 acres and the taking of the flood easement over 24.161 acres caused a substantial devaluation of the easement and remainder acreage. The expert witness for Texas Municipal Power Agency testified that the devaluation could be attributed to three sources: (1) devaluation resulting from the taking of the flood easement; (2) devaluation resulting from severance and irregular shape of the areas not taken in fee; and (3) devaluation resulting from impaired access. The T.M.P.A. expert placed a certain dollar amount of damage per acre resulting from each of these sources.

In determining whether the jury findings are against the evidence, it is helpful to view the testimony and findings of the jury in terms of damage caused by the taking instead of in terms of the after taking values. The conclusions of the two expert witnesses, both real estate appraisers, as to the amount of damages resulting from the taking were as follows:

(1) The TMPA expert based his damage estimate on assumption that the land before the taking was worth $1,000.00 per acre.

(a) He found the damage to easement acreage to be $14,899.00 or a 61.7% reduction in value.

(b) He found the damages to the remainder acreage to be $22,434.00 or a 43.9% reduction in value.

(2) The landowner's expert based his damage estimates on the assumption that the land before the taking was worth $2,000.00 per acre.

(a) He found the damages to the easement acreage to be $38,000.00 or a 78.6% reduction in value.

(b) He found the damage to the remainder acreage to be $65,000.00 or a 63.6% reduction in value.

The jury valued the land before the taking at $1,500.00 per acre. It found the damage to the easement acreage to be $18,120.75 or a 50% reduction in value. It found the damage to the remainder acreage to be $25,572.50 or a 33.3% reduction in value.

The jury findings of damages to the easement and remainder acreage are within the dollar range testified to by the trial experts. However, the damage estimates of the experts and jury were all based upon different valuations of the acreage before the taking. Therefore, a comparison of the amount of dollar damages estimated by the jury and trial experts would not accurately demonstrate whether the jury findings were consistent with the testimony of the trial experts. This is so because the dollar amount of damage caused by various sources of devaluation resulting from a taking usually varies in direct proportion to value of the land before the taking. For example, land which is worth $1,500.00 per acre will experience a significantly greater decrease in dollar value from the taking of a flood easement than will land worth $1,000.00 per acre.

To obtain a valid determination of whether the findings of the jury are consistent with the estimates of the trial experts it is necessary to compare their estimates of reduction in value on a percentage basis. The trial testimony as to the percentage reduction in value of the easement acreage was 61.7% and 78.6%. The jury found only a 50% reduction in value of the easement acreage. The expert testimony as to percentage reduction in value as to the remainder acreage was 43.9% and 63.6%. The jury found a 33.3% reduction in the value of the remainder acreage.

The jury heard detailed testimony concerning the various factors responsible for the devaluation of the acreage and the extent of damage caused by each factor. Although the issue of depreciated market value is peculiarly one for the fact finding body, it should be largely dependent on the expert opinion evidence presented at trial. *Texas Pipe Line Co. v. Hunt*, 149 Tex. 33, 228 S.W.2d 151, 155–156 (1950). The impact on the market value of land of the taking of a flood easement, irregular shape, and impaired access is a subject that is generally outside the knowledge and experience of laymen. In such cases it is necessary for the factfinder to rely heavily on the testimony of experts. We recognize that opinion evidence as to market value of land is not conclusive. *McCarthy v. City of Amarillo*, 307 S.W.2d 595 (Tex.Civ.App.—Austin 1957, no writ). However, in cases where the issue is depreciated market value, we believe that a significant departure by the jury from the range of expert testimony in most cases constitutes a finding so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. See *Roberts v. State*, 350 S.W.2d 388 (Tex.Civ.App.—Dallas 1961, no writ).

In this case, the jury findings of the percentage reduction in value of the easement and remainder acreage is substantially lower than the percentages testified to by the expert witnesses. We can find no basis in the record to justify the extent to which the jury departed from the expert testimony. The jury findings of after taking values for the easement and remainder acreage are so against the great weight and preponderance of the evidence as to be clearly wrong. The judgment of the trial court is reversed and remanded for new trial.