**PEDERNALES ELECTRIC COOPERATIVE, INC.,**
Appellant,

v.

**C.D. BAKER, et ux., Appellees.**

No. 14276.

Court of Appeals of Texas,
Austin.

Feb. 6, 1985.

David C. Duggins, Clark, Thomas & Winters, Austin, for appellant.

Danny M. Womack, Bob Roberts, Roberts, Womack, Weldon & McClish, Austin, for appellees.

Before POWERS, GAMMAGE and CARROLL, JJ.

GAMMAGE, Justice.

Pedernales Electric Cooperative, Inc., hereafter PEC, appeals from the trial court's judgment awarding $51,933 in damages to C.D. Baker and Mary Baker, hereafter the Bakers, for condemnation of an easement over a portion of two tracts of land owned by the Bakers. PEC brings four points of error complaining of the factual and legal sufficiency of the evidence to support the judgment. We will affirm the trial court's judgment.

The only issue in this appeal is adequacy of the evidence to support the jury's findings on the value of the remainder of the two tracts after the easement was taken. PEC contends that the after-taking values found by the jury are below the minimum values for which there is testimony in the record; that while the jury is free to reach its own conclusion about the values of the remainder of the tracts by blending all the evidence, they cannot find a value outside the value range for which

there is evidence. *Texas Power and Light Co. v. Lovinggood*, 389 S.W.2d 712 (Tex. Civ.App.1965, writ ref'd n.r.e.); *Roberts v. State*, 350 S.W.2d 388 (Tex.Civ.App.1961, no writ). We agree.

We believe the following statement in *Roberts* is pertinent to the case at bar:

It has been held in *Maddox v. Gulf, Colorado & Santa Fe Ry. Co.*, Tex.Civ. App., 293 S.W.2d 499, (err. ref. n.r.e.) that in a condemnation case of this kind the jury, when considering the value of condemnee's remaining property immediately after condemnation, are restricted only by the lowest figure testified to. See *Houston Belt & Term. Ry. Co. v. Lynch*, Tex.Civ.App., 185 S.W. 362, affirmed Tex.Comm.App., 221 S.W. 959. Also, in *McConnico v. Texas Power & Light Co.*, Tex.Civ.App., 335 S.W.2d 397, (err. ref'd n.r.e.) the court held that a jury is at liberty to reach its conclusion by blending all of the evidence admitted before them, aided by their own experience and knowledge of the subject of inquiry; that they are not compelled to credit all the testimony of any witness or to reject it all. Moreover, our courts have held that opinion evidence is not conclusive. *A jury may consider and accept or reject such opinions or it may find its own opinion from evidence and by utilizing its own experience in matters of common knowledge. McCarthy v. City of Amarillo*, Tex.Civ.App., 307 S.W.2d 595 (no writ); *Coxson v. Atlanta Life Ins. Co.*, 142 Tex. 544, 179 S.W.2d 943 and *Nelson v. State*, Tex.Civ.App., 342 S.W.2d 644. Citations omitted [emphasis added].

*Id.* at 391.

The record in this case contains the testimony of three people concerning the values of these tracts. Two of these three, both experts retained by the respective parties, testified about the value of the remainder of the two tracts after the condemnation of the easement, or the "after-values" of the remainders. All the witnesses agreed that the highest and best use of the larger tract was for rural acreage homesites, and retail business use for the small tract. There was conflicting evidence about whether the improvements had suffered damage or had any remaining value, since the improvements were not consistent with the highest and best use of the land. The improvements consisted of a water tank, barns, and out-buildings.

■ In reviewing the record in a condemnation suit, we must determine if there has been "a significant departure by the jury from the range of expert testimony" presented at trial. *Leiber v. Texas Municipal Power Agency*, 667 S.W.2d 206, 209 (Tex.App.1983, writ ref'd n.r.e.). Opinion evidence as to market value is not conclusive. *McCarthy v. City of Amarillo*, 307 S.W.2d 595 (Tex.Civ.App.1957, no writ). We must reverse the judgment only if the jury's findings are so against the great weight and preponderance of the evidence as to be clearly wrong. *Leiber, supra.*

### TRACT ONE

■ The remainder of the first of these two tracts is 35.71 acres in size. The jury found that the after-value of this tract is $77,491. The experts testified that the after-value was approximately $96,000 and $87,000. Based upon this testimony PEC contends, in its first and third points of error, that the jury's finding is below the range of permissible values.

The record reflects, however, that both expert witnesses testified that the land had a per acre value, prior to the condemnation, of $2,500 an acre. One of these experts testified that the tract had diminished in value by 15%. If the jury believed that the land had the $2,500 per-acre value before the condemnation, and further believed that the land had suffered a 15% diminution in value as a result of the condemnation, they could have found the after-value of this tract to be as low as $75,883. The amount found by the jury to be the after-value is above the minimum for which there is evidence in the record and is therefore within the permissible range of values. Appellant's first and third points of error are overruled.

### TRACT TWO

 The remainder of the second tract is slightly less than one acre in size. The record contains direct testimony that the tract is now worth from $3,750 to $9,350. The jury found the after-value of the tract to be $3,135. The record also contains before-taking value estimates from $4,800 to $19,750. PEC complains in its second and fourth points of error that this finding is also below the range of permissible values. One of the witnesses testified that the tract was diminished in value by 30%. This testimony alone supports an after-value of $3,360, or an amount within $225 of the jury's finding. Furthermore, there was testimony that the highest and best use of this tract would be for retail sales, and that the maximum potential for this purpose was decreased by 80% because of the easement. This evidence could support an after-value finding as low as $960. Appellant's second and fourth points of error are overruled.

The judgment of the trial court is, in all things, affirmed.