**William F. CALLEJO, Trustee, et al., Petitioners,**

v.

**BRAZOS ELECTRIC POWER COOPERATIVE, INC., Respondent.**

**No. C–7306.**

Supreme Court of Texas.

June 22, 1988.

Rehearing Denied Sept. 14, 1988.

Mike McKool, Law Offices of Mike McKool, Dallas, for petitioners.

R. Coke Mills and Patrick D. Millar, Mills, Millar & Matkin, Waco, for respondent.

KILGARLIN, Justice.

In this easement condemnation case the trial court disregarded the jury's finding of post-taking value, substituted its own finding, and rendered judgment accordingly. The court of appeals reversed that judgment, concluding that the jury's finding was supported by the evidence. 745 S.W. 2d 70. We reverse the judgment of the court of appeals and affirm that of the trial court.

Callejo owns a 130.71 acre tract of land in Dallas County. Brazos owns a general easement across the tract which permits Brazos to construct, operate, and maintain an electric transmission line on the property. In 1948, Brazos constructed a 69,000 volt electric transmission line on the tract. The transmission line was operated until 1985, when Brazos decided to reconstruct the line and raise it to a 138,000 volt capacity. Brazos filed a petition in condemnation and the court appointed special commissioners to assess damages. Callejo objected to the commissioners' award, and the cause proceeded to jury trial on the sole issue of damages.

At trial, both parties adduced testimony as to the value of the condemned easement strip before and after construction of the larger transmission line. Brazos called two expert witnesses, each of whom testified that the value of the easement strip prior to the condemnation was $67,082. Brazos' experts testified that the post-taking value of the easement strip was $33,541. Callejo and his two expert witnesses testified that the pre-taking value of the easement strip ranged from a high of $729,256 to a low of $643,987.20. Callejo and his witnesses all testified that the post-taking value of the easement strip was zero.

The case was submitted to a jury on four questions. The jury found that the value of the easement strip prior to the condemnation was $456,161 and, separately, that the post-taking value of the easement strip was $364,928.80. The jury further found that the remainder of Callejo's property did not decrease in value after the condemnation.

Brazos moved for judgment on the jury's verdict in the amount of $91,232.20, the difference between the pre-taking and post-taking values found by the jury. Callejo, however, moved for judgment notwithstanding the verdict and asked the court to disregard the jury's answer of $364,928.80 for the post-taking value of the easement strip because the jury's answer was not supported by any evidence. The trial court granted Callejo's motion and substituted its own finding of $33,541 as the post-taking value. The trial court then rendered judgment for Callejo in the amount of $422,620, the difference between the jury's finding for pre-taking value and the amount the court found for post-taking value.

In its reversal the court of appeals reinstated the jury's finding on post-taking value, and rendered judgment for Callejo in the amount of $91,232.20. The court of appeals held that there was evidence to support the jury's finding of post-taking value; therefore, it was error for the trial court to disregard the jury's finding and render judgment notwithstanding the ver-

dict.[1]

■ Callejo contends there was no evidence to support the jury's finding on post-taking value.[2] We agree. No witness testified higher than $33,541 as to post-taking value, yet the jury found $364,928.80. We reject Brazos' argument (and the lower court's ruling) that the jury could blend *all* the testimony, including testimony on pre-taking value, in making its finding on post-taking value.

Consequently, we disapprove statements or holdings in various courts of appeals' decisions to the extent they may conflict with this opinion. Those cases include: *Red River Pipeline v. Amonett*, 695 S.W.2d 802, 809 (Tex.App.—Amarillo 1985, no writ); *Pedernales Electric Cooperative, Inc. v. Baker*, 685 S.W.2d 459, 460 (Tex. App.—Austin 1985, no writ); *Leiber v. Texas Municipal Power Agency*, 667 S.W.2d 206, 207–08 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Delhi Gas Pipeline Corp. v. Richards*, 659 S.W.2d 861, 865–66 (Tex.App.—Tyler 1983, no writ); *Texas Electric Service Co. v. Wheeler*, 550 S.W.2d 297, 302 (Tex.Civ.App.—Fort Worth 1976), *aff'd on other grounds*, 551 S.W.2d 341 (Tex.1977); *Silberstein v. State*, 522 S.W.2d 562, 563–65 (Tex.Civ. App.—Austin 1975, no writ); *Ker v. State*, 462 S.W.2d 380, 382 (Tex.Civ.App.—El Paso 1970, writ ref'd n.r.e.); *City of Houston v. Hendrix*, 374 S.W.2d 764, 765–66 (Tex.Civ.App.—Austin 1964, writ ref'd n.r. e.); *Tuttle v. State*, 381 S.W.2d 330, 336 (Tex.Civ.App.—Texarkana 1964, writ ref'd n.r.e.); *Roberts v. State*, 350 S.W.2d 388, 391 (Tex.Civ.App.—Dallas 1961, no writ); *McConnico v. Texas Power & Light Co.*, 335 S.W.2d 397, 399 (Tex.Civ.App.—Beaumont 1960, writ ref'd n.r.e.); *State v. Haire*, 334 S.W.2d 488, 491 (Tex.Civ.App.—Austin 1960, writ ref'd n.r.e.); *Maddox v. Gulf, Colorado & Santa Fe Railway Co.*, 293 S.W.2d 499, 506–07 (Tex.Civ.App.—Fort Worth 1956, writ ref'd n.r.e.).

■ Brazos suggests that to uphold the trial court is to casually discard respectable authorities and interfere with the jury's ability to do justice in the individual case. This reasoning, however, completely ignores Rule 301 of the Texas Rules of Civil Procedure. That rule permits the trial court, "upon motion and reasonable notice ..., [to] disregard any jury *finding* on a question *that has no support in the evidence*" (emphases added). There is simply no testimony or other evidence in this record that the post-taking value was higher than $33,541, yet Brazos would have us uphold an answer more than ten times higher based on (1) a "blending" of the testimony on post-taking value with that on pre-taking value, and (2) the jurors' presumed knowledge and experience.

We do agree that jurors are not bound, as a matter of law, to accept the parties' expert testimony. But, that does not authorize jurors to leap entirely outside of the evidence in answering any question submitted to them. In fact, our required jury instructions state: "*All* evidence must be presented in open court.... [Y]ou will render a verdict *on the evidence submitted* to you.... Do not tell other jurors your own personal experiences [or] any special information." Approved Instructions Promulgated Pursuant to Tex.R.Civ.P. 226a (emphases added). We also find unpersuasive the argument that the jurors were entitled to rely on their own knowledge and experience as a substitute for the parties' evidence on post-taking value. *Compare* Tex.R.Civ.Evid. 606(a) (absolutely prohibiting jurors from giving evidence); 602 (evidence inadmissible unless witness shown to have personal knowledge concerning subject of testimony).

■ Although the right of trial by jury must remain inviolate, Tex. Const. art. I, § 15, nevertheless a jury answer cannot be

1. Both in the trial court and on appeal, Brazos attacked the trial court's substituted finding and judgment n.o.v. on only one ground: that the jury's finding on post-taking value *was* supported by some evidence.

2. Callejo also complains in his application of the trial court's refusal to submit an instruction to the jury. Callejo's prayer for relief, however, indicates that he only wants this point considered if the trial court's judgment is not affirmed.

upheld when it has *no* support in the evidence. In this case, neither party objected to separate submissions on pre- and post-taking values. Under Tex.R.Civ.P. 301, the trial court could disregard the jury's answer to *either* question on no evidence grounds. We hold the trial court properly disregarded the jury's answer on post-taking value.

■ We note that under Tex.R.Civ.P. 277 (as in effect when this case was tried), it was discretionary with the trial court whether to submit separate questions or instead to submit issues broadly. As amended effective January 1, 1988, Rule 277 requires the court in jury cases to submit broad-form questions whenever feasible. The measure of damages in a condemnation proceeding is the difference in market value of the land immediately before and immediately after the taking. *City of Pearland v. Alexander*, 483 S.W.2d 244, 247 (Tex.1972). Future condemnation cases should be submitted broadly in terms of the difference in value, rather than asking separate questions on pre- and post-taking values. Had this case been so submitted, doubtless we would have had no appeal to review.

The judgment of the court of appeals is reversed and that of the trial court is affirmed.

PHILLIPS, C.J., and SPEARS, J., file a dissenting opinion in which RAY and CULVER, JJ., join.

PHILLIPS, Chief Justice, dissenting.

I respectfully dissent. Based on the authorities cited in the fifth and sixth paragraphs of Justice Spears' dissent, I would affirm the judgment of the court of appeals.

I cannot, however, join in the remainder of Justice Spears' opinion. The majority's opinion has overruled a number of prior decisions by applying the "no evidence" test in a new manner in condemnation cases. That action, in my opinion, in no way compromises the constitutionally guaranteed right of trial by jury. To my knowledge, no member of this court has previously ever suggested that the right of trial by jury limits the authority of an appellate court to reverse a judgment when the jury's verdict is not supported by any evidence.

Finally, I strongly concur in the majority's suggestion that condemnation cases should, in the future, be submitted broadly under TEX.R.CIV.P. 277. The broad submission of this case would have both avoided the present controversy and allowed the jury to reach the correct result.

SPEARS, Justice, dissenting.

I respectfully dissent. In holding that the trial court properly disregarded the jury verdict and substituted its own finding for post-taking value, the majority has violated the sanctity of the right of trial by jury and ignored longestablished precedent. I would uphold the jury verdict and affirm the judgment of the court of appeals.

Since the rule was first pronounced in *Carter v. Carter*, 5 Tex. 93 (1849), this court has continuously stressed the inherent sanctity of the constitutionally mandated right of trial by jury. *E.g., Texas Farmers Insurance Co. v. McGuire*, 744 S.W.2d 601, 603 (Tex.1988); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 633–35 (Tex. 1986). Recently, in *Larson v. Cactus Utility Co.*, 730 S.W.2d 640, 641 (Tex.1987), we stated that "no court is free to substitute its judgment for that of the jury," and that any practice that "effectively allows jurists' determinations to be substituted for those of the jury" should be condemned. Today, however, the majority endorses that precise practice.

At trial, twelve jurors heard testimony on the value of Callejo's land. The testimony ranged from a high value of $729,265 to a low value of $0. After hearing the testimony and observing the conduct and demeanor of the witnesses and parties, the jurors concluded that the land was worth $456,161 prior to the condemnation and $364,928.80 after the condemnation. The trial judge, however, disagreed with the jury's conclusion and entered his own figure for post-taking value in place of the jury's answer. Although less than two

months ago in *Herbert v. Herbert,* 754 S.W.2d 141, 144 (1988), this court expressly recognized "the sanctity to which a jury verdict is entitled" and observed that "courts are not free to substitute their judgment for that of the jury simply because they may disagree with the jury's verdict," the majority today holds that the trial judge properly disregarded the jury verdict and substituted his own finding.

The majority reasons that the trial judge acted properly because there was no evidence to support the jury's findings. In conducting its no evidence review, however, the majority considers only a narrow portion of the testimony presented on the market value of Callejo's land. "In reviewing a no evidence point, we consider only the evidence and inferences tending to support the jury verdict and disregard all evidence to the contrary. If there is *any* evidence of probative value to support the jury verdict, we must affirm." *International Armanent Corp. v. King,* 686 S.W.2d 595, 597 (Tex.1985) (emphasis added). *All* testimony must be viewed in a light most favorable to supporting the jury's finding, and every reasonable meaning deductible from the evidence is to be indulged in the jury's favor. *Trenholm v. Ratcliff,* 646 S.W.2d 927, 931 (Tex.1983).

As evidenced by the extensive list of authorities the majority is forced to disapprove, it is well-established in Texas that the jury in a condemnation case may select any figure within the general range of testimony when determining the post-taking value of the condemned land. *E.g., Leiber v. Texas Municipal Power Agency,* 667 S.W.2d 206, 207–08 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *McConnico v. Texas Power & Light Co.,* 335 S.W.2d 397, 399 (Tex.Civ.App.—Beaumont 1960, writ ref'd n.r.e.); *Maddox v. Gulf, Colorado & Santa Fe Railway Co.,* 293 S.W.2d 499, 507 (Tex.Civ.App.—Fort Worth 1956, writ ref'd n.r.e.). To hold otherwise allows the testimony of a single class of witnesses to impermissibly *control* rather than *aid* the jury. Expert witnesses are present to assist in the court's decision-making process, not to control it.

It has long been the rule of this state that the judgments and inferences of expert witnesses are not conclusive on the jury or trier of fact. *E.g., McGalliard v. Kuhlmann,* 722 S.W.2d 694, 697 (Tex. 1986); *Broussard v. Moon,* 431 S.W.2d 534, 537 (Tex.1968). A jury may accept or reject such opinions, or the jury may find its own opinion from evidence and by utilizing its own experience in matters of common knowledge. *Coxson v. Atlanta Life Insurance Co.,* 142 Tex. 544, 179 S.W.2d 943, 945 (1944). As this court observed in *Maryland Casualty Co. v. Hearks,* 144 Tex. 317, 190 S.W.2d 62, 64 (1945):

> Jurors in weighing the evidence before them have a right to use their common knowledge and experience in life. If the opinions of the experts as given in the evidence do not comport with the jurors' ideas of sound logic, the jurors have a right to say so. Otherwise, there could not be a free discussion of evidence in the jury room.

*See also Schuessler v. State,* 719 S.W.2d 320, 329 (Tex.Crim.App.1986) (jurors may reject illogical opinions of experts). The majority's reasoning places an inflexible mathematical constraint on the jury and leaves no room for the jury to consider and blend all of the evidence together in arriving at a verdict. Despite the majority's claims to the contrary, such a constraint can only tarnish the sanctity of the right of trial by jury. As stated so amply by a current member of this court, "Talk is cheap. It is time for the court to show courage and restore the right of trial by jury to its proper constitutionally established role in the Texas legal system." *Herbert v. Herbert,* 754 S.W.2d 141, 147 (1988) (Mauzy, J., dissenting).

Because we must view all testimony in a light most favorable to supporting the jury verdict, I would hold that the jury finding of $364,928.80 is well within the range of testimony presented at trial. Thus, the jury verdict is supported by the evidence, and the trial court erred in disregarding

the jury's finding and rendering judgment notwithstanding the verdict. .

RAY and CULVER, JJ., join in this dissent.