**Terrance R. & Linda WEGNER, Appellants,**

v.

**The STATE of Texas, & County of Henderson, Appellees.**

**No. 12-89-00302-CV.**

Court of Appeals of Texas, Tyler.

April 30, 1992.

Rehearing Denied June 18, 1992.

Joe H. Staley, Jr., Dallas, for appellants.

Robert H. Fields, Athens, for appellees.

BILL BASS, Justice.

This is an eminent domain case. The Appellant landowners challenge the legal sufficiency of the evidence to support the jury's finding of damage to the market value of the remainder of their farm lying outside the part taken. We conclude that there is no evidence to support the finding, and we reverse the judgment and remand the cause to the trial court.

The State of Texas and Henderson County initiated condemnation proceedings to acquire thirteen acres in fee simple out of the Wegners' 163 acre farm for the construction of the Athens Loop. The remainder, that part of their farm lying outside the part taken, consisted of 150 acres. The Wegners do not dispute the jury's finding of the value of the part taken. However, they do contend in their first point of error that there is no evidence to support the jury's finding that the difference in the market value of the remainder before the taking and its market value after the taking was $30,000.

In reviewing a no evidence point, we may consider only the evidence and inferences tending to support the jury verdict and disregard all evidence to the contrary. We must affirm the judgment if there is any evidence of probative value to support the jury verdict. *International Armament Corp. v. King,* 686 S.W.2d 595, 597 (Tex. 1985). All testimony must be viewed in a light most favorable to supporting the jury's finding, and every reasonable meaning that may be inferred from the evidence is to be indulged in favor of the verdict.

*Trenholm v. Ratcliff,* 646 S.W.2d 927, 931 (Tex.1983).

The only evidence of the decrease in the market value of the remainder was given by the Wegners' two expert witnesses. The first witness testified that the decrease in value because of the taking was $97,894; the second placed the decrease at $99,000. When the State first attempted to present evidence regarding damage to the remainder, the Wegners' attorney objected and the court sustained the objection. Thereafter, the State failed to put on any evidence of the diminution in value, if any, of the remainder.

The Texas Supreme Court has spoken clearly on the matter of jury findings of decreased market value in condemnation cases. In *Callejo v. Brazos Electric Power Co-op.,* 755 S.W.2d 73 (Tex.1988), the jury was submitted separate questions for pre-taking value and post-taking value. The jury's answer to the post-taking value was entirely outside the range of post-taking market values given by the opposing parties' expert witnesses. *Id* at 75. Disapproving a long line of cases to the contrary, the Supreme Court held that the jury could not "blend" the testimony of pre-taking value with that of post-taking value in making its damage findings. The Supreme Court also held that a jury, though not bound by the parties' expert testimony on market value, may not "leap entirely outside of the evidence in answering any question submitted to them." *Id.*

Here, the issue of decrease of market value was submitted in one broad-form question, as instructed by the court in *Callejo. Id.* at 76. The Wegners' two value witnesses provided the only evidence on the issue. Their valuations of remainder damage ranged from $97,894 to $99,000. The State presented no evidence of the post-taking value of the remainder, or of the reduction in its value, if any, from which the jury could have arrived at its answer of $30,000. Since the jury's answer lies outside the range of testimony which it could properly consider in arriving at its verdict, there is no evidence to support the verdict. The point is sustained.

In their second point, the Wegners maintain that the evidence establishes, as a matter of law, that the damages to the remainder were $97,894.00, the lowest amount supported by the testimony. However, the Wegners' other value witness testified to a higher figure, and we cannot conclude that the lowest amount established the amount of damages as a matter of law. The second point is overruled.

We therefore reverse the judgment and remand the cause to the trial court.